

**Superior Court of the District of Columbia**
**Civil Division**

Government Relations, Inc vs Howe, A                    C.A. No. 05ca003560

### INITIAL ORDER

Pursuant to D.C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to any defendant who has failed to so respond, a default and judgement will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients prior to the Conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment Office (202) 879-1750 may continue the Conference once, with the consent of all parties, to either of the two succeeding Fridays. Requests must be made not less than six business days before the scheduling conference date. No other continuance of the Conference will be granted except upon motion for good cause shown.

May 06, 2005                    Chief Judge Rufus G. King, III

Case Assigned to:    Calendar #10 (Judge Patricia A. Broderick)

Initial conference: @ 9:30am 08/12/05    Courtroom: 112, 1st Floor
                                         500 Indiana Ave., N.W.
                                         Washington, D.C. 20001



**FILED**

MAY 3 1 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CA Form 1

# Superior Court of the District of Columbia
CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

GOVERNMENT RELATIONS, INC.

_Plaintiff_

vs.

Civil Action No. 05-0003560

ALLYNN HOWE       _Defendant_

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Clerk of the Court

David E. Fox, Esq.
Name of Plaintiff's Attorney

1325 18'3 Street NW Suite 103
Address Washington DC 20036

(202) 955-5300
Telephone

By _____
Deputy Clerk

Date 5/6/05

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

GOVERNMENT RELATIONS, INC.            )
1050 Seventeenth Street, NW, Suite 510 )
Washington, D.C. 20036                 )
                                       )
            Plaintiff                  )
                                       )
     v.                                )   Case No.: 05-0003560
                                       )   Judge:
ALLYNN HOWE                            )
11005 Sweet Meadow Drive               )
Oakton, Virginia 22124                 )
                                       )
            Defendant.                 )

RECEIVED
Civil Clerk's Office
MAY 0 6 2005
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT

### I. INTRODUCTION

Plaintiff Government Relations, Inc. (Government Relations) brings this action seeking an award for damages for damages it sustained through the disloyal actions of Defendant Allynn Howe (Howe). Defendant Howe's duties as a full time employee of Government Relations allowed him access to valuable trade secrets, confidential and other general business information to which he was privy only because of his employment with plaintiff, client lists, insider knowledge of the names and various business interests of plaintiff's clients, and other unique and valuable business knowledge and information. At various times and continuing until his employment with Government Relations ended on December 21, 2004, defendant Howe abused his fiduciary position with plaintiff by using the above information to interfere with present and future contractual relations between plaintiff and its clients and unfairly wrest old, new and potential clients from plaintiff. While in plaintiff's employ, defendant used the time he was ostensibly using for the benefit of plaintiff's business to instead prepare and begin his own business in direct competition with that of plaintiff by, *inter alia*, surreptitiously enticing away and taking plaintiff's clients from plaintiff.

## II. JURISDICTION

Jurisdiction of this Court is based on DC Code §11-921, as all transactions occurred while defendant was employed at plaintiff's home office in Washington, D.C., and, further, this Court has personal jurisdiction over defendant pursuant to DC Code §13-423.

## III. PARTIES

1. Plaintiff Government Relations is a corporation with its main office at the address set out in the style, above.

2. Defendant Howe is a resident of the Commonwealth of Virginia, residing at the address set out in the style, above. All actions complained of took place while defendant Howe was employed in the District of Columbia by plaintiff.

## IV. ALLEGATIONS

### Count 1 (tortious interference with contract)

3. At various times during his employment with plaintiff, defendant used his access to valuable trade secrets, confidential and other general business information, client lists, insider knowledge of the names and various needs and interests of plaintiff's clients, and other unique and valuable business knowledge and information, all of which he gleaned solely through his employment with plaintiff, to persuade then current clients, future and potential clients for plaintiff's business to abandon plaintiff and instead contract with defendant's directly competing business.

4. By persuading plaintiff's clients or potential clients to abandon plaintiff and give their business instead to defendant alone, defendant unlawfully interfered with plaintiff's contractual relationships with various third parties.

### Count 2 (breach of implied contract)

5. Plaintiff here repeats and re-alleges everything set out in paragraphs 1-4, above.

6. Since defendant's employment with plaintiff required him, as part of his duties on behalf of plaintiff, to solicit new business for plaintiff and to maintain good business relations

2

between plaintiff and plaintiff's then current clients, defendant's employment contract clearly contained an implied contract to act on plaintiff's behalf with regard to current and potential future clients of plaintiff and, further to *not* act to the detriment of plaintiff by soliciting those same clients for the same business for himself alone.

### Count 3 (breach of quasi contract)

7. Plaintiff here repeats and re-alleges everything set out in paragraphs 1-6, above.

8. By accepting employment and pay for that employment from plaintiff, defendant entered into a quasi-contract with regard to third parties who were plaintiff's clients or potential clients, to act in a manner which would advance plaintiff's business interests with his clients and potential clients. Defendant's above described actions which harmed plaintiff's business with its clients and misappropriated that business to the benefit of defendant alone was a breach of that quasi-contract.

### Count 4 (breach of confidential or fiduciary relationship)

9. Plaintiff here repeats and re-alleges everything set out in paragraphs 1-8, above.

10. By the operation of his duties as an employee of plaintiff, defendant was able to obtain confidential information about plaintiff's business as well as that of plaintiff's clients and potential clients. Because of defendant's status as an employee of plaintiff, defendant had a fiduciary relationship with plaintiff and a fiduciary duty to plaintiff to use his employment position and the information gleaned because of that employment to the benefit of plaintiff *vis-a-vis* plaintiff's clients and potential clients. Defendant's misuse of that information and misappropriation of plaintiff's clients and potential clients was a breach of legally permitted use of the above described confidential information and, also, a breach of defendant's fiduciary duty to plaintiff.

### Count 5 (misappropriation and conversion of trade secrets)

11. Plaintiff here repeats and re-alleges everything set out in paragraphs 1-10, above.

12. Various particulars of the above described information used by defendant to

3

plaintiff's detriment were trade secrets belonging to plaintiff.

13. Plaintiff clearly never consented to defendant using plaintiff's trade secrets to take business plaintiff had or sought and converting that business to himself. By using plaintiff's trade secrets to plaintiff's detriment and solely for defendant's benefit and personal enrichment, defendant misappropriated those trade secrets and unlawfully converted the value of those trade secrets to his own benefit and enrichment.

### Count 6 (misappropriation of plaintiff's salary payments)

14. Plaintiff here repeats and re-alleges everything set out in paragraphs 1-13, above.

15. Plaintiff agreed to pay defendant's salary during the period of his employment in exchange for defendant's work on behalf of plaintiff's business interests.

16. By failing to work on behalf of plaintiff, and instead using the time he was ostensibly working for plaintiff to surreptitiously work solely for his own benefit (and to plaintiff's detriment) plaintiff misappropriated the salary he received.

WHEREFORE, plaintiff requests this court take jurisdiction of this action, and, further, order the following:

    a. Defendant pay to plaintiff Two Hundred Thousand Dollars ($200,000), plus such other amount as may be determined after discovery is completed;

    b. An accounting be made to determine the amount defendant was unjustly enriched by his above unlawful acts;

    c. Defendant be directed to disgorge and pay to plaintiff any fees or charges obtained through his above unlawful acts;

    d. Defendant be directed to repay to plaintiff the amount of salary and value of benefits paid by plaintiff to defendant during the period defendant was engaged in his above unlawful acts;

    e. Defendant pay damages to plaintiff for the loss of business, loss of business

4

opportunity and loss of goodwill suffered by plaintiff as a result of defendant's above unlawful acts;

    f. Defendant to pay appropriate punitive damages;

    g. Defendant to pay appropriate interest, costs and reasonable attorney's fees;

    h. Defendant to pay such other amounts as this court deems fit and proper.

_____
David E. Fox, Esq.
*Attorney for Plaintiff*
1325 Eighteenth Street, N.W., Suite 103
Washington, D.C. 20036
(202) 955-5300
DC Bar # 165258

5