**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| GOVERNMENT RELATIONS, INC.,<br><br>            Plaintiff,<br><br>   v.<br><br>ALLYNN HOWE,<br><br>            Defendant. | Civil Action No. 1:05-cv-1081 |

**DEFENDANT ALLYNN HOWE'S MOTION TO DISMISS AND MEMORANDUM**
**IN SUPPORT OF HIS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Allynn Howe ("Mr. Howe" or "Defendant"), pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court to dismiss counts 2, 3, 4, 5, and 6 of the Complaint ("Complaint") filed against him[1] by Plaintiff Government Relations, Inc. ("GRI" or "Plaintiff"). Defendant respectfully submits that each of these counts fails to state a claim for which relief can be granted, and should be dismissed.

**PRELIMININARY STATEMENT[2]**

Defendant Allynn Howe is a highly regarded lobbyist who has developed extensive knowledge of the legislative process and substantial contacts in Congress through decades of advocacy work. In early 2000, Mr. Howe and GRI formed an alliance. Under this arrangement, Mr. Howe would continue to service his preexisting clients with limited GRI administrative support, and would have the opportunity to develop new business opportunities.

---

[1] Plaintiff has failed to effectuate personal service upon Mr. Howe, and instead provided a copy of the Summons, Complaint, and Order to Defendant's wife.
[2] For a further statement of the relevant facts, Mr. Howe respectfully refers the Court to paragraphs 26 to 48 of his Answer and Counterclaims.

By late 2004, Mr. Howe became concerned about continuing his relationship with GRI. These concerns included, but were not limited to: (a) GRI's failure to work with him as promised to establish an effective marketing strategy and (b) GRI's improper reporting of business expenses. He nevertheless continued to develop good relationships with the clients he performed services for, and was regularly praised for his efforts.

Although the Complaint is chock-full of baseless allegations that Mr. Howe "abused his fiduciary position" by using "valuable trade secrets" to "wrest old, new and potential clients" from GRI, it fails to allege any facts that would suggest that the information at issue is confidential, much less a trade secret. To the extent a handful of clients elected to continue their relationships with Mr. Howe after he left GRI, they did so of their own choosing.

Although the Plaintiff's disappointment in the loss of clientele may be understandable, this disappointment is not sufficient to support its allegations that Mr. Howe acted improperly. In the end, Mr. Howe has every right to continue his lobbying career separate and apart from GRI. Plaintiff should not be permitted to stop Mr. Howe's legitimate efforts to continue his career by asserting myriad claims that are completely inapplicable to the facts alleged, and are frequently unsupported by existing law or by any nonfrivolous extension of law.

# ARGUMENT

## I. MOTION TO DISMISS STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a Defendant can move to dismiss a cause of action for failure to state a claim under which relief can be granted. A complaint can be dismissed when the Plaintiff can show "no set of facts in support of their claim which would entitle them to relief." *See Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Plaintiffs are granted the benefit of inferences that can be derived from the facts alleged. *Id.* The court, however, "need not accept inferences . . . unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Id.* Even under this liberal construction in favor of the Plaintiff, GRI has not alleged a set of facts that entitle it to relief and therefore cannot meet the burden for surviving this 12(b)(6) motion to dismiss.

## II. CHOICE OF LAW

When deciding state law claims under diversity jurisdiction, a federal court must apply the choice of law rules of the state in which it sits. *Ideal Electronic Sec. Co., Inc. v. International Fidelity Ins. Co.,* 129 F.3d 143, 148 (D.C. Cir. 1997). The choice of law rules in the District of Columbia vary slightly for tort claims and contract claims. For tort claims, the District of Columbia applies a governmental interest test to determine which state's law to apply. *Herbert v. District of Columbia*, 808 A.2d 776, 779 (D.C. 2002). The law of the state with the greater interest in the controversy will apply. *Id*. To determine which state has a greater interest, courts consider four factors: (1) "the place where the injury occurred;" (2) "the place where the conduct causing the injury occurred;" (3) "the domicile, residence, nationality, place of incorporation and place of business of the parties," and (4) "the place where the relationship is centered." *Id*. (quoting Restatement (Second) of Conflict of Laws (1971) § 145).

While GRI is incorporated in and has its principal place of business in D.C., Mr. Howe is

a resident of Virginia and has his business office in Virginia. All of the allegedly tortious acts that give rise to this litigation occurred in Virginia, outside of GRI's D.C. offices. *See DAG Enterprises, Inc. v. Exxon Mobil Corp.,* 2001 WL 34778782, *5 (D.D.C. 2001) (In considering choice of law, "courts are instructed to give the greatest weight to the place of Defendants' allegedly tortious conduct"). Under these circumstances, Virginia law should apply under the D.C. choice of law rules.

Defendant submits that all of the causes of action at issue in this motion are tort claims subject to the above-cited analysis. Virginia would, in any event, be the proper choice of law for contract claims as well. For contract claims, the District of Columbia follows Restatement (Second) of Conflict of Laws § 188 and "applies the law of the state which has the 'more substantial interest in the resolution of the issue." *Ideal Electronic*, 129 F.3d at 148. Section 188 lists five factors to consider while determining a substantial interest: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the contract's subject matter; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties. Again, while Government Relations, Inc., is headquartered in D.C., Mr. Howe is a resident of and has his principal place of business in Virginia. As a lobbyist, the services he provides are not confined to the District of Columbia. On the contrary, he typically works out of his Virginia office. Under the District of Columbia's choice of law rules, the law of Virginia should apply to the contract claims against Mr. Howe.

In any event, for the purpose of this motion, Defendant submits that there is no true conflict of law between the laws of Virginia and the District of Columbia, and that the claims at issue in this Motion to Dismiss fail to state a claim under the controlling law of both jurisdictions. Therefore, Defendant has cited case law from both jurisdictions as appropriate.

### III. PLAINTIFF'S ALLEGATIONS FAIL TO STATE CLAIMS UNDER WHICH RELIEF CAN BE GRANTED

#### A. Count 2: Breach of Implied Contract

The Complaint alleges the parties' relationship was bound by an express contract that defined their respective rights. Indeed, Plaintiff's Second Count for "breach of implied contract" specifically makes reference to "defendant's employment contract," but then proceeds to allege that this express contract contained an "implied contract to act on plaintiff's behalf with regard to current and potential future clients of plaintiff and, further to *not* act to the detriment of plaintiff by soliciting those same clients for the same business for himself alone."

It is hornbook law that "an express contract defining the rights of the parties necessarily precludes the existence of an implied contract of a different nature containing the same subject matter." *Southern Biscuit Co. v. Lloyd,* 174 Va. 299, 311, 6 S.E.2d 601, 606 (1940), *see also Marine Development Corp. v. Rodak,* 225 Va. 137, 142-3, 300 S.E.2d 763, 767 (1983); *Royer v. Board of County Supervisors*, 176 Va. 268 , 280 (1940) (where an express and enforceable contract exists, the law will not imply a contract in contravention thereof). *See also* 1 Corbin on Contracts § 18 at 41.[3]

Although the parties' relationship may have created certain implied *duties*,[4] Plaintiff's attempt to fashion an entirely separate count based on an implied *contract* should not be permitted. The alleged existence of an enforceable express contract precludes Plaintiff from proceeding on a theory of implied contract.

#### B. Count 3: Quasi-Contract

Under Virginia law, "quasi-contract is not a contract at all but rather an equitable remedy

---

[3] *Jordan Keys & Jessamy, LLP v. St. Paul Fire and Marine Ins. Co.*, 2005 WL 612877 (D.C. 2005); *Schiff v. American Ass'n of Retired Persons*, 697 A.2d 1193 (D.C. 1997); *Lutcher S.A. Celulose E Papel Candoi v. Inter-American Development Bank*, 253 F.Supp. 568 (D.C.D.C. 1966).
[4] As set forth in Defendant's counterclaims, it is GRI that has failed to honor these duties.

5

thrust upon the recipient of a benefit under conditions where the benefit amounts to unjust enrichment." *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990). "Unjust enrichment occurs when a defendant retains money or benefits which in justice and equity belong to the plaintiff." *Singer v. Dungan*, 1992 WL 884986, *3 (Va.Cir.Ct. 1992) (citing *Kern v. Freed Co.*, 224 Va. 678, 680-81 (1983). To establish a quasi-contract, a plaintiff must prove three elements: (1) a benefit conferred on the defendant; (2) knowledge on the part of the defendant of the conferring of the benefit; and (3) acceptance or retention of the benefit in circumstances that render it inequitable for the defendant to retain the benefit without paying for its value." *Nossen*, 750 F.Supp. at 744.[5]

The Complaint describes a benefit, Mr. Howe's work experience and later business with former GRI clients, but does not and cannot allege that Mr. Howe unjustly retained that benefit or that this benefit *belonged* to GRI. (Complaint ¶ 8). Mr. Howe naturally met clients during his association with GRI. But this benefit, or experience, is a natural outgrowth of many business relationships, and is not something that is or can be improperly "retained." Mr. Howe was free to continue his own business, and GRI clients were free to follow him. No client belonged to GRI in such a way that the client was prohibited from choosing a competitor's services. Nor does the Complaint allege that Mr. Howe was subject to any sort of non-competition agreement or restrictive covenant limiting his ability to compete with GRI.

GRI is unable to recover under a quasi-contract theory without showing that Mr. Howe somehow unjustly retained something that belongs to GRI. Mr. Howe, however, was

---

[5] "Under D.C. law, the elements of a quasi-contract are nearly identical. *See Jordan Keys & Jessamy, LLP v. St. Paul Fire and Marine Insurance Company*, 870 A.2d 58, 64 (D.C. 2005). To recover, "the plaintiff must show that the defendant was unjustly enriched at the plaintiff's expense, and that the circumstances were such that in good conscience the defendant should make restitution." *Bloomgarden v. Coyer*, 479 F.2d 201, 211 (D.C. Cir. 1973). It is not sufficient for a quasi-contract claim to allege that a party received a benefit from the plaintiff; the Complaint must also show that the retention of that benefit is unjustified. *Id.* "Unjust enrichment occurs when a person retains a benefit (usually money) which in justice and equity *belongs to another*." *4934, Inc. v. District of Columbia Department of Employment Services*, 605 A.2d 50, 55 (D.C. 1992) (emphasis added)

completely within his rights to continue his career as a lobbyist. Any benefit of experience or knowledge he may have gained during his association with GRI was not unjustly retained, and did not preclude him from continuing to earn a living. The allegations of the Complaint do not allege facts supporting such a claim and Count 3 should be dismissed.

### C. Count 4: Breach of Confidential and Fiduciary Relationship

Count Four of the Complaint alleges that Mr. Howe breached his "confidential relationship" and fiduciary relationship to GRI by somehow misappropriating "confidential information" regarding clients and GRI's business. (Complaint ¶ 10). The Complaint, however, makes no effort whatsoever to identify, in even the most broad terms, what confidential information Mr. Howe allegedly misappropriated or how that information allowed Mr. Howe to "misappropriate" GRI's clients.

GRI has an obligation to plead its' claims with sufficient specificity so as provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharmaceuticals, Inc. v. Broudo,* 125 S.Ct. 1627, 1630 (2005); *citing Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957). With regard to this claim, however, it has utterly failed to identify (a) the information that was allegedly misappropriated; (b) the ways in which this information was allegedly misused; (c) any actions that were taken by GRI to maintain the confidentiality of the information; and (d) any clients who were "misappropriated" through use of this information. Consequently, the Complaint is totally insufficient to give Mr. Howe any notice of the claims that are being asserted against him. In a case decided less than a month and a half ago, the Supreme Court held that the conclusory assertion of an essential element of a claim is legally insufficient to provide adequate notice to a defendant of the claims asserted

against him or her.  *Id.*[6]  Like the plaintiffs in *Dura*, GRI has simply asserted the element of its claim without identifying the necessary details for Mr. Howe to be able to respond to the Complaint.

Plaintiff has failed to provide any basis to conclude that Mr. Howe had access to, much less has or even could improperly use, any confidential information that belonged to GRI.  On that basis, Count 4 of the Complaint should be dismissed.[7]

### D.  Count 5: Misappropriation and Conversion of Trade Secrets

Count 5 of GRI's complaint fails to plead with adequate specificity the necessary elements of a misappropriation of trade secrets claim.  The Virginia Uniform Trade Secrets Act defines "trade secrets" as:

> "information, including but not limited to, a formula, pattern, compilation, program, device, method, technique, or process, that: 1. Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use, and 2. Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.  VA. CODE § 59.1-336.[8]

There are two statutory elements to a trade secret violation: (1) the existence of a "trade secret" and (2) its "misappropriation" by the defendant.  *MicroStrategy Inc. v. Li*, 601 S.E.2d 580, 588 (Va. 2004).

Courts throughout the country have held that a plaintiff bringing a misappropriation of trade secrets claim has an obligation to state what trade secrets were allegedly misappropriated in order to make out a viable claim.  For instance, in *Thermal Zone Products Corporation v. Echo*

---

[6] Although the underlying claim in *Dura* involved a securities law, misrepresentation, the Court expressly assumed "for argument's sake" that "neither the [Federal Rules of Civil Procedure] nor the securities statutes impose any special further requirement in respect to the pleading of proximate causation or economic loss.  *Id.*  Instead, *Dura* relied only on *Conley*'s "fair notice" standard for the "short and plain statement" required by "ordinary pleading."  *Id.*

[7] Under D.C. law, even the employer-employee relationship is not sufficiently confidential to give rise to a viable breach of confidential relationship tort claim.  *See Tripp v. United States*, 257 F.Supp.2d 37, 42 (D.D.C. 2003)

[8] D.C. Code Ann. § 48-501(4).

*Engineering, Ltd,* 1993 WL 358148 (N.D.Ill. 1993), the plaintiff alleged that a defendant had misappropriated trade secrets which were incorporated in "3000 pages of confidential technical information, including drawings, plans and specifications" relating to the manufacture of cooking ovens.  The court granted the defendants motion to dismiss the misappropriation claim, holding that while "[p]laintiffs have made blanket generalizations regarding the information and documentation of their cooking ovens, they have failed to specify with any exactitude which pieces of information actually constitute trade secrets.  In order for this Court to attempt to categorize the alleged material as a trade secret, it is necessary for the court to be directed as to how this information is unique and protected.  The necessary detail required in pleading a cause of action … is not present in the complaint."  *Id; see also Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, Inc.,* 283 F.Supp.2d 579, 589 (D.P.R. 2003) (Granting Motion to Dismiss Misappropriation of Trade Secrets claim with prejudice, finding complaint "devoid of any allegations whatsoever regarding what trade secrets were appropriated…"); *Analog Devices, Inc. v. Michalski*, 579 S.E.2d 449 (Ct.App.N.C. 2003) ("It is generally accepted that a plaintiff must identify a trade secret with sufficient particularity so as to enable a defendant to delineate that which he is accused of misappropriating and a court to determine whether misappropriation has or is threatened to occur."); *Trandes Corp. v. Guy F. Atkinson Co.,* 996 F.2d 655, 661 (4th Cir. 1993) (Under Virginia law, "the alleged trade secret must be described in sufficient detail to establish each element of a trade secret.").

     As noted above, the Supreme Court has recently reemphasized the critical obligations upon a plaintiff to provide the defendant with sufficient information in a pleading.  *See Dura*, 125 S.Ct. at 1630.  In the instant case, GRI's Complaint provides significantly less information and specificity than that which was insufficiently plead by the plaintiff in *Thermal Zone*

*Products*. GRI has not, and we submit cannot as a matter of law, properly alleged the existence of a valid trade secret which Mr. Howe could have misappropriated. In addition, a trade secret must be subject to reasonable efforts to keep the information secret. The Complaint does not describe any efforts made to keep the information secret, such the existence of a confidentiality agreement. VA. CODE § 59.1-336; *see also MicroStrategy v. Business Objects*, 331 F. Supp. 2d at 416 (E.D. Va. 2004). Such allegations are fundamental and necessary elements of a legitimate misappropriation trade secrets claim. As a result of GRI's failure to properly allege a misappropriation claim, Count 5 of the complaint must be dismissed.

Count 5 also alleges conversion in addition to the misappropriation of trade secrets. "Conversion is the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." *Economopoulos v. Kolaitis*, 528 S.E.2d 714, 719 (Va. 2000) (citing *Credit Corp. v. Kaplan*, 92 S.E.2d 359, 365 (Va. 1956)).[9] Any information that Mr. Howe learned in the course of his association would be information that he legally obtained. Because this information and the alleged trade secrets were a part of his relationship with GRI, the plaintiff cannot show that he unlawfully assumed or exercised the right of ownership over any confidential information or trade secrets. The Complaint does not allege any demand for the return of this property. The Complaint contains no allegations that the Plaintiff has been deprived of all or almost all possessory rights in information that Mr. Howe learned while working with GRI. GRI still has access to the same information about clients, contacts, and its own business that it had before Mr. Howe left. GRI still can use this same information to try to win contracts with these clients. Mr.

---

[9] The elements for conversion are virtually identical under D.C. law. Conversion is "any unlawful exercise of ownership, dominion or control over the personal property of another in denial or repudiation of his rights thereto." *Shea v. Fridley*, 123 A.2d 358, 361 (D.C. 1956). When the initial possession of the property is lawful "a demand for its return is necessary to render [the] possession unlawful and to show its adverse nature." *Id.*

Howe's post-departure contact with former GRI clients does not preclude GRI from pursuing those clients or using that very information that Mr. Howe had access to. GRI thus maintains significant possessory rights over this "confidential" information and cannot state a claim for conversion.

### E. Count 6: Misappropriation of Plaintiff's Salary

A review of Virginia and D.C. law finds no cases or statutes that recognize a cause of action for misappropriation of regular, negotiated salary payments. Without any legal support for the claim that Mr. Howe misappropriated salary payments, Count 6 should be dismissed for failure to state a claim for which relief can be granted.

### IV. CONCLUSION

For the foregoing reasons, Defendant Allynn Howe respectfully requests that the Court dismiss Counts II, III, IV, V and VI with prejudice and grant such further and other relief that the Court deems appropriate.

Respectfully submitted,

By: /s/ Todd A. Bromberg
Todd A. Bromberg #472554
**WILEY REIN & FIELDING LLP**
1776 K Street NW
Washington, DC  20006
TEL: 202.719.7000
FAX: 202.719.7049

*Attorney for Defendant Allynn Howe*

Dated: June 7, 2005

## TABLE OF AUTHORITIES

### CASES

*4934, Inc. v. District of Columbia Department of Employment Services*,
  605 A.2d 50 (D.C. 1992) ....................................................................................5

*Analog Devices, Inc. v. Michalski*,
  579 S.E.2d 449 (Ct.App.N.C. 2003) ...................................................................6

*Bloomgarden v. Coyer*,
  479 F.2d 201 (D.C. Cir. 1973) ............................................................................5

*Conley v. Gibson*,
  355 U.S. 41, 78 S. Ct. 99 (1957) .........................................................................6

*Coulibaly v. Malaquias,*
  728 A.2d 595, Section 188 ..................................................................................3

*Credit Corp. v. Kaplan*,
  92 S.E.2d 359 (Va. 1956) ....................................................................................6

*Dura Pharmaceuticals, Inc. v. Broudo*,
  125 S. Ct. 1627 (2005) ........................................................................................6

*Economopoulos v. Kolaitis*,
  528 S.E.2d 714 (Va. 2000) ..................................................................................6

*Herbert v. District of Columbia*,
  808 A.2d 776 (D.C. 2002) ..................................................................................3

*Leopoldo Fontanillas, Inc. v. Luis Ayala Colon Sucesores, Inc.*,
  283 F. Supp. 2d 579 (D.P.R. 2003) .....................................................................6

*Ideal Electronic Sec. Co., Inc. v. International Fidelity Insurance Co.*,
  129 F.3d 143 (D.C. Cir. 1997) ............................................................................3

*Jordan Keys & Jessamy, LLP v. St. Paul Fire and Marine Insurance Co.*,
  2005 WL. 612877 (D.C. 2005) .......................................................................4,5

*Kern v. Freed Co.*,
  224 Va. 678 (1983) .............................................................................................4

*Kowal v. MCI Communications Corp.*,
  16 F.3d 1271 (D.C. Cir. 1994) ............................................................................3

*Lutcher S.A. Celulose E Papel Candoi v. Inter-American Development Bank*,
    253 F. Supp. 568 (D.C.D.C. 1966) ...............................................................................4

*Marine Development Corp. v. Rodak*,
    225 Va. 137, 300 S.E.2d 763 (1983)............................................................................4

*MicroStrategy Inc. v. Li*,
    601 S.E.2d 580 (Va. 2004)............................................................................................6

*MicroStrategy v. Business Objects*,
    331 F. Supp. 2d at 416 (E.D. Va. 2004).......................................................................6

*Nossen v. Hoy*,
    750 F. Supp. 740 (E.D. Va. 1990) ............................................................................4, 5

*Royer v. Board of County Supervisors*,
    176 Va. 268 (1940) .......................................................................................................4

*Schiff v. American Association of Retired Persons*,
    697 A.2d 1193 (D.C. 1997) ..........................................................................................4

*Shea v. Fridley*,
    123 A.2d 358 (D.C. 1956) ............................................................................................6

*Singer v. Dungan*,
    1992 WL. 884986 (Va.Cir.Ct. 1992) ...........................................................................4

*Southern Biscuit Co. v. Lloyd*,
    174 Va. 299, 6 S.E.2d 601 (1940)................................................................................4

*Thermal Zone Products Corporation v. Echo Engineering, Ltd*,
    1993 WL. 358148 (N.D.Ill. 1993) ...............................................................................6

*Trandes Corp. v. Guy F. Atkinson Co.*,
    996 F.2d 655 (4th Cir. 1993) ........................................................................................6

*Tripp v. United States*,
    257 F. Supp. 2d 37 (D.D.C. 2003) ...............................................................................6

## STATUTES

D.C. Code Ann. § 48-501(4).................................................................................................6

Va. Code § 59.1-336 .............................................................................................................6

## MISCELLANEOUS

1 Corbin on Contracts § 18 at 41 .........................................................................................4

## TABLE OF CONTENTS

I.  Motion to Dismiss Standard .......................................................................................... 3
II. Choice of Law ............................................................................................................... 3
III. Plaintiff's Allegations Fail to State Claims Under Which Relief Can Be Granted ........... 5
    A.  Count 2: Breach of Implied Contract .................................................................... 5
    B.  Count 3: Quasi-Contract ....................................................................................... 6
    C.  Count 4: Breach of Confidential and Fiduciary Relationship ............................... 7
    D.  Count 5: Misappropriation and Conversion of Trade Secrets .............................. 8
    E.  Count 6: Misappropriation of Plaintiff's Salary .................................................. 11
IV. Conclusion ……………………………………………………………………………11

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of June, 2005 a copy of the foregoing Defendant's Motion to Dismiss And Memorandum In Support Of Its Motion To Dismiss, and proposed Order were served via electronic filing, pursuant to Local Rule 5.4(d)(1), upon David Fox, attorney for Plaintiff Government Relations, Inc.

                                                  /s/ Todd A. Bromberg
                                                 Todd A. Bromberg