**UNITED STATES DISTRICT COURT OF THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GOVERNMENT RELATIONS, INC.** )<br>   ) <br>   **Plaintiff,**   )<br>   )<br>   **v.**   )<br>   )<br> **ALLYNN HOWE**    )<br>   )<br>   **Defendant.**   )<br>_____) | **Case Number: 1:05-CV-1081**<br>Judge: Kollar-Kotelly |

**PLAINTIFF'S ANSWERS TO COUNTERCLAIM**

COMES NOW Plaintiff Government Relations Inc. by and through its attorney David E. Fox and as and for its Answer to Defendant's Counterclaims states:

1. Plaintiff denies the allegations of Defendant in paragraph 26 in so far as they suggest a distinguished career as a lobbyist and insofar as they suggest substantial congressional contacts.

2. Plaintiff admits Defendant has worked as a lobbyist but denies the allegations in paragraph 27 insofar as they suggest a distinguished career or skill in specified subject areas.

3. Plaintiff does not admit or deny Defendant's remarks in paragraph 28 as to the law governing lobbyists.

4. Plaintiff denies the allegations in paragraph 29 that Plaintiff and Defendant formed an alliance.

5. Plaintiff denies the allegation in paragraph 30 insofar as they suggest that Plaintiff's contacts were "business opportunities" from which Defendant Howe would benefit. Plaintiff admits that Defendant had some clients.

6. Plaintiff denies the allegations in paragraph 31 that Defendant directed income from his preexisting clients to Plaintiff in exchange for a flat fee or for new business opportunities.

7. Plaintiff denies the allegations of paragraph 32.

8. Plaintiff admits the allegation in paragraph 33 that Defendant was not paid health insurance but asserts that Defendant did not want health insurance because his wife supplied it to him.  Life insurance was not a fringe benefit offered to Defendant.  Plaintiff admits that Defendant used his cell phone for personal use and paid ⅓ of the bill.  Plaintiff denies that Defendant provided other resources but admits that Defendant used his own computer which is a matter Plaintiff believes was done by Defendant to hide his perfidy.

9. Plaintiff denies the allegations in paragraph 34 as to business leads being "bogus."

10. Plaintiff denies the implication of paragraph 35 that suggest Defendant was given work that did not reflect business opportunities and Plaintiff avers that Defendant did not like to work at furthering business prospects.

11. Plaintiff denies the implication in paragraph 36 that suggests that Defendant was successful or that Defendant did not get legitimate leads from Plaintiff.

12. Paragraph 37 of Defendant's counterclaim is admitted in the sense that Plaintiff assisted Defendant but Plaintiff denies that Defendant directed funds from 'his' clients to Plaintiff.

13. Plaintiff denies paragraph 38.

14. Plaintiff admits paragraph 39 insofar as it suggests that Defendant tendered receipts but denies that all expenditures were incurred for its benefit or that all

expenses were proven by Defendant to be reimbursable.

15. Plaintiff admits that some expenses were reimbursed as is suggested by paragraph 40 but denies that clients labeled them as lobbying expenses and Plaintiff demands proof that Defendant adhered to law.

16. Plaintiff does not know which receipts Defendant refers to in paragraph 41 and therefore denies same.

17. Plaintiff denies the implication in paragraph 42 by which Defendant attributes high marks to his own efforts and denies that he was universally praised and denies that all of Plaintiff's clients wanted Defendant to work on their matters.

18. Plaintiff denies the allegations in paragraph 43.

19. Plaintiff admits the allegation in paragraph 44 of advising Defendant that his expenses were high and admits telling Defendant that Plaintiff was not happy with his work.

20. Plaintiff denies paragraph 45 for lack of specificity.

21. Plaintiff denies paragraph 46 insofar as it suggests that Mr. Howe welcomed the opportunity to end the relationship with Plaintiff but admits that Defendant wanted to take work for his benefit.

22. Plaintiff admits the allegation in paragraph 47 that there came a time when it accepted Mr. Howe's resignation and set a departure date.

23. Plaintiff admits the allegations in paragraph 48 that it contacted some of the clients for whom Defendant had worked but denies that this was for negative purposes and avers that such contact was generally to protect the client.

24. Plaintiff denies the allegation in paragraph 49 that it threatened to sue clients in Federal Court.

25. Plaintiff denies the threats or the alleged purpose of the alleged threats that are stated in paragraph 50.

26. All allegations referenced in paragraph 51 are denied.

27. The allegations in paragraphs 52 & 53 are denied for want of specificity. The allegations of existence of a contract and materiality calls for a legal conclusion and is denied.

28. The allegations in paragraph 54 are denied.

29. Paragraph 55 describes Defendant's intent and is a matter for Defendant to prove but insofar as a response may be required the aforesaid allegations are denied.

30. Paragraph 56 is denied as it is non specific for use of adjectives such as "reasonable" and references that suggest decisions of others such as "in order to induce him." Due to the lack of clarity in paragraph 56 Plaintiff denies it in its entirety.

31. Paragraphs 57 & 58 are denied.

32. Paragraph 59 is denied.

33. Paragraph 60 is non-specific and is denied.

34. Paragraph 61 is denied.

## **ADDITIONAL DEFENSES**

35. All matters not specifically admitted are denied.

36. Defendant's prayers are barred by his unclean hands.

37. Defendant's counterclaims fails to state a claim against Plaintiff.

38. Defendant fails to state a claim for which costs or attorneys fees may be granted.

39. Plaintiff denies the type of contract with Defendant that Defendant alleged, denies breach and denies damages.

40. Defendant fails to state a claim for relief by equity or by injunction which may be granted.

WHERFORE Plaintiff prays that

1. Defendant's counterclaims be denied

2. All prayers for equitable and injunctive relief be denied.

3. That Plaintiff be awarded costs and attorneys fees for defense of all claims shown to be baseless or frivolous.

Respectfully submitted,

 /s/
David E. Fox
1325 18th Street NW, #103
Washington, DC 20036

**CERTIFICATE OF SERVICE**

I hereby certify on this 7th day of July, 2005 a copy of the foregoing Plaintiff's Answers to Counterclaim were served via electronic filing, pursuant to Local Rule 5.4(d)(1), upon Todd Bromberg, attorney for Defendant Allynn Howe.

          /s/
        David E. Fox