IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOVERNMENT RELATIONS, INC.,<br><br>            Plaintiff,<br><br>      v.<br><br>ALLYNN HOWE,<br><br>            Defendant. | Civil Action No. 1:05-cv-1081 (CKK) |

### DEFENDANT ALLYNN HOWE'S OPPOSITION TO PLAINTIFF'S UNAUTHORIZED "SUPPLEMENT TO IT'S [SIC] OPPOSITION"

Defendant Allynn Howe ("Mr. Howe" or "Defendant") requests that Plaintiff's "Supplement to It's Opposition to Defendant's Motion [to] Dismiss" (hereinafter "Sur-Reply") be stricken from the record. At 11:59 p.m. on Friday, July 8, 2005, GRI filed a Sur-Reply presenting inflammatory and irrelevant material to the Court. Defendant's Motion to Dismiss counts 2, 3, 4, 5, and 6 of the Complaint has already been fully briefed by both parties. Neither the Federal Rules of Civil Procedure, the Local Rules for the Federal District Court for the District of Columbia, nor the Order Establishing Procedures for Electronic Filling for Cases Assigned to Judge Colleen Kollar-Kotelly permit a party to file a Sur-Reply, or to unilaterally supplement a filing. GRI had a full opportunity to present any material it believed relevant to the instant motion in its Response to Defendant's Motion to Dismiss. Indeed, Defendant consented to Plaintiff's request for an 8-day extension for GRI to file its Opposition so that GRI could fully brief the Response to Defendant's Motion. Instead of presenting its response at the appropriate time, GRI decided to sandbag Defendant with the midnight filing of a Sur-Reply that violates

applicable rules of procedure.  It is also significant that the affidavit supporting the Sur-Reply is unsigned by the affiant and is not dated or notarized.

The Sur-Reply fails to present any relevant material regarding Defendant's Motion.  None of the information in the un-notarized "affidavit" counters the legal arguments in Defendant's Motion to Dismiss or reply memorandum.  Indeed, the Sur-Reply doesn't even attempt to argue that the information presented relates in any way to the issues presented in the Motion to Dismiss.  The sole purpose of the Sur-Reply is to present the Defendant in an unfairly negative light before the Court.  In light of the fact that Defendant has not moved to dismiss count 1 of GRI's Complaint, there will be an appropriate time for both sides to present their factual evidence supporting their claims and defenses.  The only issue currently before this Court is whether counts 2, 3, 4, 5, and 6 of the Complaint state a legal claim against Defendant.  GRI's unauthorized Sur-Reply provides no basis for this Court to conclude that these claims should not be dismissed.

For the foregoing reasons, Defendant Allynn Howe respectfully requests that the Court strike GRI's Sur-Reply from the record.

                          Respectfully submitted,

                          By: /s/ Todd A. Bromberg
                              Todd A. Bromberg #472554
                              **WILEY REIN & FIELDING LLP**
                              1776 K Street NW
                              Washington, DC  20006
                              TEL: 202.719.7000
                              FAX: 202.719.7049

                          *Attorney for Defendant Allynn Howe*

Dated: July 11, 2005