```
              IN THE UNTED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA


*****************************
GOVERNMENT RELATIONS, INC.    *
                              *
v.                            *   Case No: 1:05cv01081
                              *   Judge Kollar-Kotelly
ALLYN HOWE                    *
                              *
     DEFENDANT.               *
*****************************
```

### SUPPLEMENTAL RESPONSE AND ALTERNATIVELY, MOTION TO AMEND COMPLAINT NUNC PRO TUNC

COMES NOW, the Plaintiff, Government Relations, Inc., by and through undersigned counsel, David E. Fox, Esq., who hereby submits its supplemental opposition and alternative, Motion to Amend the Complaint Nunc Pro Tunc.  In support of its position, the Plaintiff asserts the following:

1.  The plaintiff asserts that its original complaint was completed and set further several bases for relief.  Plaintiff believes that the Motion filed on behalf of the Defendant should be dismissed as set forth in the Opposition previously filed on behalf of the Plaintiff.  Federal Rule of Civil Procedure 8 states that the Plaintiff need only file a "complaint upon which relief can be granted."  The plaintiff does not need to try the case in the Complaint.

2.  The Complaint need only to set out facts upon which, if proven at trial, the plaintiff can recover.  The Complaint in the subject matter satisfies these requirements.

3.  However, not withstanding those facts, the Plaintiff requests that the Court allow it to amend its Complaint such that the claims for relief are more clearly set forth.  The Court has discretion to grant leave to amend in the face of a Motion to Dismiss pursuant to Federal Rules of Civil Procedure.

4.  Therefore, the plaintiff provides the amended Complaint attached hereto.  The plaintiff requests that the Amended Complaint be filed herewith.  The Defendant shall be required to file an Answer to said Amended Complaint upon issuance of order granting amendment.

    5.  The Court interests are in letting matters be decided by trial and not summarily dismissed.  Federal Rule of Civil Procedure 8(a)(2).

    WHEREFORE, the Plaintiff, requests that the attached Amended Complaint be accepted and file herein.

    WHEREFORE, the Defendant shall be required to file an Answer to the Amended Complaint within twenty (20) days of the date of the Order Granting the Amendment.

                                            Respectfully Submitted,

                                            _____
                                            David E. Fox, Esq.
                                            #165258
                                            1325 18th Street, NW #103
                                            Washington, D.C.  20036
                                            (202) 955-5300
                                            (202) 872-0200

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on _____, 2005, and served upon:

        Todd A. Bromberg
        Wiley, Rein & Fielding
        1776 K Street, NW
        Washington, D.C.  20006

                                            _____
                                            David E. Fox

IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*****************************
GOVERNMENT RELATIONS, INC.    *
                              *
v.                            *   Case No: 1:05cv01081
                              *   Judge Kollar-Kotelly
ALLYN HOWE                    *
                              *
     DEFENDANT.               *
*****************************
```

## AMENDED COMPLAINT

The Plaintiff, Government Relations, Inc., [hereinafter "GRI"], by and through its undersigned counsel, David E. Fox, Esq., sues the Defendant, Allynn Howe [hereinafter HOWE], in the amounts and for the grounds set forth herein below:

## BACKGROUND

1. All events which gave rise to this cause of action took place in the District of Columbia.

2. The Defendant, Howe, was employed by the Plaintiff until December 21, 2004.

3. The Defendant, Howe, as an employee of GRI, had access to valuable trade secrets, client lists, insider information, contacts, confidential information about plaintiff's clients and other unique business information.

4. That at all relevant times, HOWE, was employed by GRI and was accepting a salary of $200,000. The Defendant

was supposed to be acting in the best interests of his employer, GRI, and not competing with his employer, GRI.

5. That at the relevant times, HOWE, was in fact enticing old, new and potential clients of his employer, GRI, away from the firm to its deteriment.

6. HOWE slandered, betrayed and maligned his employer, while receiving his salary, to instead establish his own business which is in direct competition with that of his employer, GRI.

## JURISDICTION

7. Jurisdiction of this Court is based on diversity jurisdiction with an amount in controversy of more than $75,000.

## COUNT I (TORTIOUS INTERFERENCE WITH CONTRACT)

8. Paragraphs 1 through 7 are incorporated herein as if fully pleaded.

9. That at the times and place aforesaid, it was the duty of the Defendant, HOWE, to act as an employee of GRI and to further the business of his employer.

10. Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, recklessly and negligently acted to take business away from his employer and to bring that business to his own company which directly competes with that of his employer.

11. That as a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation.

12. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or negligent actions of the Defendant, HOWE, without any negligence on the part of the Plaintiff, GRI.

13. During the period in question, the defendant, HOWE, was negligent in that he:

    (a) Violated the employer/employee relationship;

    (b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

    (c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

    (d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

    (e) Willfully, carelessly, and recklessly failed to work for his employer;

    (f) Willfully, carelessly, and reckless betrayed his employer; and,

(g) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

14. As a direct and proximate result of the Defendant Howe's disloyal actions, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

### COUNT II (BREACH OF FIDUCIARY DUTY)

15. Paragraphs 1 through 7 are incorporated herein as if fully pleaded.

16. That at the times and place aforesaid, the Defendant, HOWE, acted as a fiduciary on behalf of his employer, GRI.

17. That HOWE was the public face of the Plaintiff's company, interacting with current, new and potential clients. That he was in a position of trust with GRI.

18. That HOWE was paid to act in the best interests of his employer, GRI.

19. Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, and recklessly acted to take business away from his employer, breaching

his fiduciary duty and to bring that business to his own company which directly competes with that of his employer.

20. That as a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation.

21. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or negligent actions of the Defendant, HOWE, without any negligence on the part of the Plaintiff, GRI.

22. During the period in question, the defendant, HOWE, breached his fiduciary duties in that he:

    (a) Violated the employer/employee relationship;

    (b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

    (c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

    (d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

    (e) Willfully, carelessly, and recklessly failed to work for his employer;

(f) Willfully, carelessly, and reckless betrayed his employer; and,

(g) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

23. As a direct and proximate result of the Defendant Howe's breach of his fiduciary duty and disloyal actions, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

## COUNT III (MISAPPROPRIATION AND CONVERSION)

24. Paragraphs 1 through 7 are incorporated herein as if fully pleaded.

25. That at the times and place aforesaid, the Defendant, HOWE, acted as a fiduciary on behalf of his employer, GRI, and had access to trade secrets, client lists and other confidential information.

26. That HOWE was the public face of the Plaintiff's company, interacting with current, new and potential clients. That he was in a position of trust with GRI.

27. That HOWE was paid to act in the best interests of his employer, GRI.

28. Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, and recklessly misappropriated client lists, confidential information, and trade secrets and converted them to his own use and for that of establishing his own company.

29. As a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation.

30. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or tortious actions of the Defendant, HOWE.

31. During the period in question, the defendant, HOWE, misappropriated and converted client lists, trade secrets and confidential information and breached his fiduciary duties in that he:

    (a) Violated the employer/employee relationship;

    (b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

    (c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

(d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

(e) Willfully, carelessly, and recklessly failed to work for his employer;

(f) Willfully, carelessly, and reckless betrayed his employer; and,

(g) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

32. As a direct and proximate result of the Defendant Howe's misappropriation and conversion, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

## COUNT IV (FRAUD)

33. Paragraphs 1 through 7 are incorporated herein as if fully pleaded.

34. That at the times and place aforesaid, the Defendant, HOWE, was accessing trade secrets, client lists

and other confidential information, he was accepting a salary to work on behalf of his employer and to expand the business of his employer.

35. That HOWE was the public face of the Plaintiff's company, interacting with current, new and potential clients. That he was paid a salary of $200,000 per year to work for his employer.

36. That HOWE was paid to act in the best interests of his employer, GRI.

37. Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, and recklessly misappropriated client lists, confidential information, and trade secrets and converted them to his own use and for that of establishing his own company.

38. As a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation. Moreover, the Plaintiff was still paying the Defendant's salary.

39. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or tortious actions of the Defendant, HOWE.

40. During the period in question, the defendant, HOWE, misappropriated and converted client lists, trade secrets and confidential information and breached his fiduciary duties in that he:

(a) Violated the employer/employee relationship;

(b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

(c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

(d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

(e) Willfully, carelessly, and recklessly failed to work for his employer;

(f) Willfully, carelessly, and reckless betrayed his employer; and,

(g) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

41. As a direct and proximate result of the Defendant Howe's misappropriation and conversion, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000), plus interest and costs herein.

                                              Respectfully Submitted,

_____
David E. Fox
1325 18th Street, N.W.
Suite 103
Washington, D.C. 20036
(202)955-5300