IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| Government Relations, Inc., | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 1:05-cv-1081 (CKK) |
| Allynn Howe, | ) | |
| Defendant. | ) | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## SUPPLEMENTAL RESPONSE AND
## PARTIAL OPPOSITION TO PLAINTIFF'S MOTION TO AMEND
## COMPLAINT NUNC PRO TUNC

Pursuant to LCvR 7(b), Defendant Allynn Howe respectfully submits this memorandum in opposition to Plaintiff's Supplemental Response and Motion to Amend Complaint Nunc Pro Tunc. As a threshold matter, there is simply no authority for this latest in Plaintiff's periodic efforts to supplement its opposition to the Motion to Dismiss.

However, if the instant request is deemed to be a motion for leave to amend, then Defendant does not object to Plaintiff's proposed elimination of counts and prayers for relief from the original Complaint if conditioned upon their dismissal from this lawsuit with prejudice. Conversely, Defendant submits that the addition of a new count alleging fraud, the proposed amendment of Counts 4 and 5, and increase in the amount of damages are not warranted in the interest of justice as contemplated by Fed.R.Civ.P. 15(a) and should be denied.

## BACKGROUND

The Plaintiff originally filed its Complaint with the Superior Court of the District of Columbia on May 6, 2005.  On May 31, 2005, Defendant removed the case to this Court on the basis of diversity jurisdiction, and soon thereafter, on June 6, 2005, moved to dismiss Counts 2-6 of the Complaint.  Defendant timely filed his Answer and Counterclaims on June 16, 2005.  With Defendant's consent to seek an extension of time within which to oppose Defendant's Motion to Dismiss, Plaintiff filed its opposition thereto on June 29, 2005, to which Defendant timely replied on July 6, 2005.

With briefing on the Motion to Dismiss completed, Plaintiff subsequently sought to supplement its opposition with an unsigned, undated and unnotarized affidavit, but failed to explain why the additional evidence had not been previously available or to articulate any basis for the Court's consideration of the irrelevant and inflammatory material contained therein.  *See Plaintiff's Supplement to It's (sic) Opposition to Defendant's Motion Dismiss (sic)* filed on July 8, 2005.  Defendant quickly objected to the Plaintiff's submission as unauthorized by Federal Rules of Civil Procedure, the Local Rules or orders of this Court and asked that it be stricken from the record.  *See Defendant Allynn Howe's Opposition to Plaintiff's Unauthorized "Supplement To It's [sic] Opposition"* filed on July 11, 2005.

Plaintiff seeks yet again to "supplement" its opposition to the Motion to Dismiss with a document that purports to "more clearly set forth" its claims. *See Plaintiff's Supplemental Response And Alternatively, Motion To Amend Complaint Nunc Pro Tunc*. Apparently recognizing the true nature of its request, GRI moves, in the alternative, to amend its Complaint "*nunc pro tunc*"[1] in accordance with the proposed Amended Complaint attached to the Supplemental Response.

The Amended Complaint eliminates Count 2 (breach of implied contract), Count 3 (breach of quasi-contract), Count 6 (misappropriation of plaintiff's salary payments) and requests for an accounting, unspecified and punitive damages, and attorney fees contained in the Original Complaint. In addition, it effects, *inter alia,* the following changes: redesignates and alters the allegations in Count 1 (tortious interference with contract), Count 4 (breach of confidential or fiduciary relationship), Count 5 (misappropriation and conversion of trade secrets)[2]; adds a new COUNT IV (FRAUD); and significantly increases the amount of money damages claimed from $200,000 to $3,200,000.

**ARGUMENT**

**A.  Plaintiff's Supplementary Response Is Not Authorized.**

As was true in Plaintiff's effort to supplement its opposition, there is nothing in the Federal Rules of Civil Procedure, the Local Rules or orders of this Court that

---

[1] It is unclear from Plaintiff's request for a *nunc pro tunc* order whether GRI is simply unaware of the "relation back" provision in Fed.R.Civ.P. 15(c) or whether it is suggesting that its proposed amendment falls outside the Rule's parameters and thus requires an explicit order of the Court.

[2] These are now designated as COUNT I (TORTIOUS INTERFERENCE WITH CONTRACT), COUNT II (BREACH OF FIDUCIARY DUTY), and COUNT III (MISAPPROPRIATION AND CONVERSION), respectively.

authorizes yet another attempt by the Plaintiff to "supplement" its response to the Defendant's Motion to Dismiss.  But even if they did, Defendant maintains that the instant request utterly fails to identify the nature or substance of any additional evidence or argument that Plaintiff would have the Court consider in resolving the pending Motion to Dismiss.  On the contrary, the only "supplemental" content presented by Plaintiff, here, is the proffered "Amended Complaint," which must be considered, if at all,[3] under the factors contemplated by Fed.R.Civ.P. 15(a).

### B. The Court Should Deny Plaintiff Leave to Add Counts II through IV or to Increase the Amount of Damages Set Forth in the Original Complaint.

Under Fed.R.Civ.P. 15(a), a party may amend its pleading once, as a matter of course, prior to the filing of a responsive pleading.  However, when such a pleading has been filed, a party may amend only by leave of court or written consent of the adverse party.  Fed.R.Civ.P. 15(a).   In other words, after a responsive pleading has been filed, the district court has discretion to deny a plaintiff's motion to amend the complaint. *Id.*; *Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243, 247 (D.C.Cir. 1987).   The court is only required to grant such a motion when the interests of justice would be thwarted absent leave to amend.  Fed.R.Civ.P. 15(a).

---

[3] The D.C. Circuit has previously ruled that "a bare request in an opposition to a motion to dismiss-without any indication of the particular grounds on which amendment is sought, *cf.* Fed.R.Civ.P. 7(b)- does not constitute a motion within the contemplation of Rule 15(a)." *Confederate Memorial Ass'n, Inc. v. Hines,* 995 F.2d 295, 299 (D.C. Cir. 1993). *See also Calvetti v. Antcliff*, 346 F.Supp. 2d 92, 107 (D.D.C. 2004)

In this case, the Defendant has filed an Answer to the Complaint, and has not consented, in writing or otherwise, to its amendment.[4]  Plaintiff may, therefore, amend its Complaint only by leave of this Court.  Fed.R.Civ.P. 15(a).  *See also Mittleman v. U.S.*, 997 F.Supp. 1, 10 (D.D.C. 1998), *aff'd sub nom. Mittleman v. King,* 1998 WL 796300 (D.C.Cir. 1998).

In *Foman v. Davis*, 371 U.S. 178, 180 (1962), the Supreme Court identified the following non-exhaustive list of factors guiding the district court's discretion in determining whether to deny amendment of the pleadings:  (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of amendment.  Both the D.C. Circuit and this Court have repeatedly viewed these factors as determinative in reviewing the district court's disposition of motions to amend.  *See e.g., Williamsburg*, 810 F.2d at 247; *Mittleman v. U.S.*, 997 F.Supp. at 10; *National Wrestling Coaches v. U.S. Department of Education,* 263 F.Supp.2d 82, 103 (D.D.C. 2003), *aff'd,* 366 F.3d 930 (D.C.Cir. 2004), *cert. denied,* 125 S.Ct. 2537 (2005), *reh'g. denied,* _S.Ct._, 2005 WL 1797100 (Aug. 1, 2005).

---

[4] The Local Rules of this Court mandate that prior to filing any non-dispositive motion, counsel shall discuss the matter with opposing counsel in a "good-faith effort to determine whether there is any opposition to the relief sought…" and shall also include a statement in its motion that the discussion took place and whether the motion is opposed. LCvR7(m).   GRI's counsel did not contact the undersigned to obtain Defendant's position before filing the instant Motion.

Here, the Court should exercise its discretion to deny the instant motion, in part,[5] because the proposed additional count of fraud, as well as the proposed Counts II and III would be futile, and the increase of the amount of damages, absent any basis in fact or law for the amendment, raises the spectre of bad faith.

**1. The Court should deny the addition of Count IV because it will not survive a motion to dismiss and thus makes the amendment futile.**

A motion to amend a complaint should be denied if the claim as amended would be futile.  *See Moldea v. New York Times,* 22 F.3d 310, 319 (D.C.Cir.), *cert. denied,* 513 U.S. 875 (1994), *cert. denied,* 519 U.S. 1077 (1997); *James Madison Ltd., by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C.Cir. 1996).  In this context, an amendment will be considered futile if the claim would not survive a motion to dismiss.  *Id.; see also Polsby v. Thompson,* 201 F.Supp.2d 45, 52 (D.D.C. 2002)(proposed amended complaint is futile because it would not overcome defendant's motion to dismiss based on *res judicata*); *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C. 2002)(attempt to clarify employment discrimination claim futile because claim could not survive motion to dismiss where court already ruled claim could not survive summary judgment and nothing in amendment cured deficiency).

---

[5] Defendant does not object to Plaintiff's request insofar as it seeks to eliminate Count 2 (breach of implied contract), Count 3 (breach of quasi-contract), and Count 6 (misappropriation of plaintiff's salary payments) or to drop its request for an accounting, unspecified and punitive damages, and attorney fees.  However, Defendant respectfully asks that the Court condition the proposed amendment on the dismissal of these elements with prejudice.  *See* Wright, Miller & Kane, *Federal Practice and Procedure, Civil 2d* §1486 at 609 (deletion of counts upon amending a complaint has the effect of a voluntary dismissal under Fed.R.Civ.P. 41(a)(2) and, therefore, the court has the same authority to condition the elimination of such counts upon a dismissal with prejudice as it would have under the Rule).

Here, Plaintiff's proposed additional count of fraud will clearly not survive a motion to dismiss and the amendment should, therefore, be denied.  Specifically, under D.C. law, a cause of action claiming fraud requires that the plaintiff allege facts showing a (1) false representation (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with intent to deceive and (5) action is taken on reliance upon the representation.  *See Higgs v. Higgs,* 472 A.2d 875, 876 (D.C. 1984).  *See also*. *Calvetti v. Antcliff,*  346 F. Supp. 2d 92 (D.D.C. 2004)(citations omitted).

In addition, Rule 9(b) of the Federal Rules of Civil Procedure mandates that  in "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  The D.C. Circuit has elaborated upon this procedural prerequisite, asserting that it " '[n]ormally means the pleader must state the time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud.' " *United States v. Cannon*, 642 F.2d 1373, 1385 (D.C.Cir.), *cert. denied,* 455 U.S. 999 (1982).  This Court has likewise held that the special pleading requirement for fraud under Rule 9 means that "a pleader 'must allege such facts as will reveal the existence of all the requisite elements of fraud.'" *Wiggins v. District Cablevision, Inc.*, 853 F. Supp. 484, 498 (D.D.C. 1994)(internal citations omitted).

The general averments in the proposed Count IV (¶s 33-41) do not allege any of the elements necessary to a cause of action in fraud, much less state them with the particularity dictated by Rule 9.   Rather, with the exception of  ¶s 33 and 34, the remaining paragraphs repeat almost verbatim the broad allegations contained in the previous counts:  ¶s 35-36 repeat the statements set forth in ¶s 17-18 under Count  II

(breach of fiduciary duty) and in ¶s 26-27 under Count III (Misappropriation and Conversion). Likewise, the language in ¶s 37-41 is virtually the same as that which appears in ¶s 10-14 under Count I (tortious interference with contract), in ¶s 19-23 under Count II (breach of fiduciary duty), and in ¶s 28-32 under Count III (Misappropriation and Conversion).

With ¶ 33 being a general incorporation clause, the only assertion in the entire Count IV that is not primarily a reiteration of previous allegations unrelated to fraud is ¶ 34, which states that "at the times and place aforesaid, the Defendant, HOWE, was accessing trade secrets, client lists and other confidential information, he was accepting a salary to work on behalf of his employer and to expand the business of his employer." Even viewed liberally, there is simply no basis upon which to construe this averment as alleging the elements of fraud, namely that the Defendant knowingly made a false and material representation with the intent to deceive and that Plaintiff took action upon that misrepresentation. *See Higgs v. Higgs,* 472 A.2d 875, 876 (D.C. 1984). Plaintiff's failure to identify any, much less all, of the elements of the asserted cause of action renders the proposed amendment futile. *Cf. Ryan v. Brady,* 776 F. Supp. 1, 3 (D.D.C. 1991)(denying amendment to include RICO claim as futile because allegations do not plead facts meeting "enterprise" requirement), *aff'd sub nom. Ryan v. Bentsen,* 12 F.3d 245 (D.C.Cir. 1993)

But even if Plaintiff could somehow be found to have met the general pleading requirements, it certainly neglected to identify the "time, place and content of the false misrepresentation, the fact misrepresented and what was obtained or given up as a consequence of the fraud" with the necessary specificity to satisfy the mandate of

Fed.R.Civ.P 9.  *See United States v. Cannon*, 642 F.2d at 1385.   Under these circumstances, the Court must conclude that the proposed Count IV would not survive a motion to dismiss, and consequently, deny Plaintiff's leave to add this Count to its Complaint.

### 2.  Amending the Complaint to add Counts II and III would be futile.

This Court has previously declared that an amendment is futile "if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss." *Robinson v. Detroit News, Inc.*, 211 F.Supp.2d 101, 114 (D.D.C. 2002) *citing* 3 Moore's *Federal Practice* §15.15[3] (3d ed.2000); *see also Monroe v. Williams,* 705 F. Supp. 621, 623 (D.D.C. 1988)(no facts to support valid theory of liability).   Where the amendment contains no new facts or arguments that would defeat a defendant's arguments for dismissing the "original" complaint, the Court has declined to grant leave to amend.  *See Baker v. Library of Congress,* 260 F.Supp.2d 59, 68 (D.D.C. 2003).  *See also Time –D.C. Inc. v. IAM National Pension Fund*, 616 F.Supp. 400, 401 (D.D.C. 1985) (denying amendment that merely restructured allegations of original complaint without adding any new claims or issues.)  Similarly, leave to amend has been denied where the plaintiff's effort to amend the complaint to incorporate additional evidence failed "to firmly close the gaps in their case." *Taylor v. FDIC*, 132 F.3d 753, 766, n. 7 (D.C.Cir. 1997)

Applying these standards here, it is clear Plaintiff's attempt to add Counts II and III must, likewise, be rejected as futile because they amount to nothing more than a restatement of the same legally insufficient claims in Counts 4 and 5 of the original

Complaint. *See Robinson v. Detroit News, Inc.*, 211 F.Supp.2d at 114. For example, the proposed amendment redesignates the original Count 4 (breach of confidential or fiduciary relationship) as COUNT II (BREACH OF FIDUCIARY DUTY), but otherwise contains the same general averments concerning Defendant's alleged fiduciary duty to Plaintiff arising out of a claimed employment relationship; his breach of the alleged duty by accessing confidential information and acting to take Plaintiff's clients away. Beyond this, the Amendment adds broad and conclusory characterizations of Defendant's conduct as willful, careless and reckless/and, or negligent, and an equally general claim of harm to the Plaintiff. *See Amended Complaint* ¶22.

In the same vein, the Amendment redesignates Count 5 (misappropriation and conversion of trade secrets) as COUNT III (MISAPPROPRIATION AND CONVERSION), but does not materially or substantially alter the averments contained therein. Count 5 of the Complaint alleges that "[v]arious particulars of the above described information used by defendant to plaintiff's detriment were trade secrets belonging to plaintiff" which the Defendant misappropriated to Plaintiff's detriment and for his benefit. *Complaint*, ¶s 12 and 13. The "above described information" refers to information identified in Count 4, specifically, alleged "confidential information about plaintiff's business as well as that of plaintiff's client and potential clients" and other "information gleaned because of that employment."

Even though Plaintiff drops the specific reference to "trade secrets" from the amended heading, the thrust of the cause of action set forth in Count III is the same as that in Count 5, namely, that the Defendant "misappropriated client lists, confidential

information, and trade secrets and converted them to his own use." *See Amended Complaint* ¶ 28. The remainder of Count III simply repeats the broad and conclusory description of Defendant's conduct as willful, careless and reckless/and, or negligent, and an equally general claim of harm to the Plaintiff (¶s 29-32) that appear in Count I (¶s 11-14), Count II (¶s 20-23), and Count IV (¶s 38-41). Consequently, because the proposed Counts II and III do nothing more than restate the original, legally deficient, Counts 4 and 5, amending the Complaint to include them would be futile, and should not be permitted. *See Robinson v. Detroit News, Inc.*, 211 F.Supp.2d at 114.

These cosmetic changes fail to overcome the fatal deficiencies, much less "close the gap," in Counts 4 and 5 of the Complaint, which were addressed at length in Defendant's Motion to Dismiss.[6]  *See Baker v. Library of Congress,* 260 F.Supp.2d at 68; *Taylor v. FDIC*, 132 F.3d at 766. Specifically, Plaintiff has not plead Counts II or III with the level of specificity necessary to provide Defendant with "fair notice" of the nature and grounds for the claims contained therein. *See Dura Pharmaceuticals, Inc. v. Broudo,* 125 S. Ct. 1627, 1630 (2005). In both counts, Plaintiff reiterates its claim that Defendant had access to "valuable trade secrets, confidential business information, client lists, insider knowledge and information" (*see Amended Complaint* ¶s 22(b) and 25) without identifying this information or how the Defendant's alleged possession of the information was unlawful or harmed the Plaintiff.

Count II further alleges that Defendant "convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company" without

---

[6] Defendant hereby incorporates by reference his previously filed Motion to Dismiss and particularly relies on the arguments relating to the deficiencies in the pleadings as to Counts 4 and 5.

identifying any current, new or potential client. It claims that Defendant "acted as a fiduciary on behalf of his employer" but fails to allege any facts supporting its contention that Defendant was an employee of Plaintiff. It further avers that Defendant "failed to work for" and "betrayed his employer" (*see Amended Complaint* ¶ 22(e) and (f)) without identifying any particular instance when these actions supposedly occurred. In all of these respects, and more, the Plaintiff has completely failed to provide any of the details necessary to allow the Defendant to respond to these allegations.

Similarly, in Count III, Plaintiff claims that the Defendant "misappropriated client lists, confidential information, and trade secrets and converted them to his own use" without identifying any client list, confidential information, or trade secret, and without clarifying how Defendant allegedly misappropriated or converted them. As fully argued in his Motion to Dismiss, Defendant maintains that the allegations relating to trade secrets are particularly deficient as a matter of law, s*ee e.g. Thermal Zone Product Corporation v. Echo Engineering, Ltd.,* 1991 WL 358148 (N.D.Ill 1993), as are those relating to conversion. *See Shea v. Fridley*, 123 A.2d 358, 361 (D.C. 1956). Thus, where, as here, a proposed amendment lacks the necessary factual allegations to support the theory of liability, the Court should deny the amendment as futile. *See Monroe v. Williams,* 705 F. Supp. at 623.

### 3. Absent any supporting factual allegations, the Court should deny Plaintiff leave to increase the amount of damages.

The Plaintiff seeks to amend the Complaint to increase the amount of damages from $200,000 to $1,200,000, but provides no explanation or factual allegation to support this request. Nor is there any reason to believe that Plaintiff has discovered new evidence since filing his Complaint to warrant such a significant escalation in the

amount of claimed damages. In the absence of any explanation or factual support for the change, the amendment appears to be motivated by bad faith, warranting denial.

## CONCLUSION

WHEREFORE, defendant Allynn Howe respectfully requests that Plaintiff's Supplemental Response be stricken from the record, and alternatively, that its Motion to Amend the Complaint Nunc Pro Tunc be denied, in part, as set forth, herein. Defendant also asks that, to the extent that leave to amend is granted, Counts 2, 3 and 6 be dismissed with prejudice, and that Defendant be awarded all attorney's fees and costs incurred in preparing his Motion to Dismiss those counts. *See* Wright, Miller & Kane, *Federal Practice and Procedure*: Civil 2d §1486 at 607.

Respectfully submitted,

By: /s/ Todd A. Bromberg
Todd A. Bromberg #472554
**WILEY REIN & FIELDING LLP**
1776 K Street NW
Washington, DC 20006
TEL: 202.719.7000
FAX: 202.719.7049

*Attorney for Defendant Allynn Howe*

Dated: October 24, 2005