UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GOVERNMENT RELATIONS INC.,

    Plaintiff/Counter Defendant,

v.

ALLYNN HOWE,

    Defendant/Counter Claimant.

Civil Action No. 05–1081 (CKK)

**ORDER**
(May 9, 2006)

Plaintiff Government Relations Inc. filed a Complaint in this case against Defendant Allynn Howe in the Superior Court of the District of Columbia, which was removed to this Court on May 31, 2005. Defendant filed a [2] Motion to Dismiss Counts 2 through 6 of the Complaint on June 7, 2005. Defendant also filed an [4] Answer and Counterclaim on June 16, 2005.[1] Plaintiff filed an [7] Opposition to the Motion to Dismiss on June 29, 2005. Defendant filed a [8] Reply on July 6, 2005. Despite lack of authorization by the Court, Plaintiff filed a [10] Supplement to its Opposition on July 8, 2005, consisting of an un-notarized affidavit. Defendant filed a [11] Memorandum opposing Plaintiff's filing of its Supplement on July 11, 2005.

Plaintiff filed a [12] Supplemental Response and Alternatively, Motion to Amend Complaint on October 13, 2005. In the Amended Complaint filed by Plaintiff, Plaintiff voluntarily drops Counts 2, 3, and 6 of its original complaint, modifies Counts 1, 4, and 5 of its original complaint, and adds a fraud count not found in the original complaint. Plaintiff further substantially increases the judgment amount requested. Defendant filed an [13] Opposition to

---

[1] Though not relevant to the issue presently before the Court, Plaintiff filed an Answer to Defendant's Counterclaim on July 6, 2005.

this Motion on October 24, 2005, in which Defendant sets forth his arguments that while Defendant does not object to Plaintiff voluntarily dropping Counts 2, 3, and 6 of its original complaint, he objects to the amendment of the original Counts 4 and 5 (which are Counts 2 and 3 of the Amended Complaint) and the addition of a fraud count as "futile," and additionally objects to the increase in the amount of damages requested. *Dkt. entry* [13] at 6.

Under Federal Rule of Civil Procedure 15(a), once a responsive pleading is served, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962). The grant or denial of leave to amend is committed to the sound discretion of the district court. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). The court must, however, heed Rule 15's mandate that leave is to be "freely given when justice so requires." *Id.*; *Caribbean Broad. Sys., Ltd. v. Cable & Wireless P.L.C.*, 148 F.3d 1080, 1083 (D.C. Cir. 1998). Indeed, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, [plaintiff] ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182.

As such, "[a]lthough the grant or denial of leave to amend is committed to a district court's discretion, it is an abuse of discretion to deny leave to amend unless there is sufficient reason, such as 'undue delay, bad faith or dilatory motive . . . repeated failure to cure deficiencies by [previous] amendments . . . [or] futility of amendment.'" *Firestone*, 76 F.3d at 1208 (quoting *Foman*, 371 U.S. at 182); *see also Caribbean Broad. Sys.*, 148 F.3d at 1083–84 (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) for the proposition that a district court's discretion to grant leave to amend is "severely restricted" by Rule 15's command that such leave "be freely given").

Therefore, while the Court notes that Counts 2 and 3 of the Amended Complaint are not reft with factual support, and the Court additionally notes that Count 4 of the Amended Complaint has not been pleaded with specificity as generally required of fraud claims,[2] the Court shall nonetheless GRANT Plaintiff's Motion to Amend under the liberal standard set forth in this Circuit such that the Amended Complaint shall be the operative complaint in the instant case. However, the Court will allow Plaintiff to file a final, Second Amended Complaint if it so chooses, with the limitation that the Second Amended Complaint should only serve to clarify Counts 2, 3, and/or 4 of the Amended Complaint at this time. Consequently, Defendant's Motion to Dismiss the original Complaint shall be DENIED WITHOUT PREJUDICE, such that Defendant will be permitted to file a Motion to Dismiss if he so chooses related to either the Amended Complaint or the Second Amended Complaint (if one is filed by Plaintiff), providing arguments in the appropriate motion to dismiss framework rather than as set forth in his Opposition to the Motion to Amend.

Accordingly, it is this 9th day of May, 2006, hereby

ORDERED that Plaintiff's [12] Motion to Amend Complaint is GRANTED; it is also

ORDERED that [2] Defendant Allynn Howe's Motion to Dismiss is DENIED

---

[2] Under District of Columbia law, an allegation of fraud must be pleaded with particularity, including **facts** that reveal the following essential elements: (1) a false representation; (2) concerning a material fact; (3) made with knowledge of its falsity; (4) with the intent to deceive; and (5) upon which reliance is placed. *Higgs v. Higgs*, 472 A.2d 875, 876 (D.C. 1984); *Calvetti v. Antcliff*, 346 F. Supp. 2d 92, 100 (D.D.C. 2004). Also, pursuant to Federal Rule of Civil Procedure 9(b), "all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." *See also United States v. Cannon*, 642 F.2d 1373, 1385 (D.C. Cir. 1981) (stating that normally a pleader must state the time, place, and content of false misrepresentations, the fact misrepresented, and what was obtained as a result of the fraud); *Wiggins v. District Cablevision, Inc.*, 853 F. Supp. 484, 498 (D.D.C. 1994) (holding that pursuant to Rule 9(b), a pleader must allege facts that demonstrate all of the required elements of fraud).

WITHOUT PREJUDICE; it is also

ORDERED that Plaintiff may file a Second Amended Complaint if it so chooses in order to more clearly set forth support for Claims 2, 3, and/or 4 of its Amended Complaint by May 23, 2006. There will be no extensions to this deadline, and no additional amendments will be permitted as to the same Counts; it is also

ORDERED that if Defendant chooses to file a motion to dismiss related to the adopted Amended Complaint or the Second Amended Complaint if one is filed by the deadline above, the Parties shall abide by the following briefing schedule: Defendant's motion to dismiss is due by June 9, 2006; Plaintiff's opposition is due by June 23, 2006; Defendant's reply is due by July 7, 2006; it is also

ORDERED that the initial scheduling conference set for June 12, 2006, at 10:30 a.m. in Courtroom 28A shall be postponed to a time yet to be determined by the Court.

        /s/
COLLEEN KOLLAR-KOTELLY
United States District Judge