IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Government Relations, Inc., | ) |
|     Plaintiff/Counter-Defendant, | ) ) ) |
|     v. | ) Civil Action No. 1:05-cv-1081 (CKK) ) |
| Allynn Howe, | ) ) |
|     Defendant/Counter-Plaintiff. | ) ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO
PLAINTIFF'S MOTION TO ENLARGE TIME**

Pursuant to LCvR 7(b), Defendant Allynn Howe hereby opposes Plaintiff's Motion to Enlarge Time for filing its response to Defendant's Motion to Dismiss.[1]  Under Fed.R.Civ.P. 6(b)(1), the Court may "for cause shown" enlarge the time for filing a response.  Here, however, Plaintiff, Government Relations Inc. (GRI), has utterly failed to show cause for extending the time period for opposing the Motion to Dismiss.  Instead, it has proffered dubious and unsupported excuses, none of which, alone or together, constitute cause for not filing a timely response to a pending dispositive motion.  Therefore, based on the following points and authorities, Defendant opposes this request for an extension of time and respectfully requests that the Court exercise its discretion under LCvR 7(b) to treat his Motion to Dismiss as conceded.  As grounds for

---

[1] The captions in Plaintiff's Motion to Enlarge Time, Memorandum and Proposed Order identify "Susan Rene Dyer" as the Defendant/Counter-Plaintiff, while noting the case number for the instant action involving Defendant Allynn Howe.  Mr. Howe is assuming that the Plaintiff's erroneous identification of the parties in the caption was a clerical mistake and is consequently filing this opposition as if the caption identified him as the Defendant/Counter-Plaintiff.

this opposition and request, Defendant submits the following points and authorities:

1. On May 9, 2006, the Court issued an Order granting GRI's request to amend its original complaint and giving it an additional opportunity to file a Second Amended Complaint by May 23, 2006.  In doing so, the Court stated that it would not thereafter permit additional amendments and would not grant extensions to that deadline.  In addition, the Order stated that if Defendant chose to file a motion to dismiss, "the Parties shall abide by the following briefing schedule:  Defendant's motion to dismiss is due by June 9, 2006; Plaintiff's opposition is due by June 23, 2006; Defendant's reply is due by July 7, 2006."

2. In accordance with the briefing schedule established by the Court's Order of May 9, 2006, Defendant, Allynn Howe, timely filed a Motion to Dismiss, supporting Memorandum of Points and Authorities, and Proposed Order.

3. On June 23, 2006, the very last day of the period for filing its opposition, Plaintiff GRI instead submitted a request to enlarge the time for filing its response.  GRI does not suggest that either it or its counsel was unaware of the Court's May 9th Order establishing the briefing schedule.   Therefore, as of May 9, 2006, Plaintiff knew of the possibility that a Motion to Dismiss would be filed on or before June 9, 2006 and that GRI's response would be due by June 23, 2006.

4. Under LCvR 5.4(b)(6), "an attorney or pro se party who obtains a CM/ECF password consents to electronic service of all documents, subsequent to the original complaint [and] such counsel and pro se parties are responsible for monitoring their e-mail accounts, and, upon receipt of notice of an electronic filing, for retrieving the noticed filing."  In the CM/ECF system, the Court automatically notifies counsel and

pro se parties by email of any entry on the docket. Here, a copy of that notice for the entry on June 9, 2006 of the Motion to Dismiss shows that David Fox, Plaintiff's counsel, was included among the individuals receiving electronic notification from the Court. *See* Notice of Electronic Filing (June 9, 2006) attached to this Opposition as Defendant's Exhibit (Def. Ex.) 1.

GRI does not allege that its counsel failed to receive the automatic email notification from the Court regarding the entry of Defendant's Motion to Dismiss. But even if he did not, Plaintiff was clearly on notice from the Court's May 9th Order that Defendant could file a dispositive motion by June 9, and therefore, could and should have checked the electronic docket sheet on that date to discover the filing of the Motion to Dismiss. He apparently did not do so.

5. By way of explaining this failure, Plaintiff's counsel claims that he "did not see [the Motion to Dismiss] when filed as he was in Los Angeles at his daughter's graduation staying at a small hotel that had no computer services." Plaintiff's Motion to Enlarge Time (Pl. Mot.) at 1. During the telephone contact on June 23, 2006 at which time Plaintiff's counsel sought the undersigned's consent for this request, he indicated that his daughter had graduated from the University of California in Los Angeles (UCLA). *See* Affidavit of Anne M. Wagner, ¶2 attached as Def. Ex. 2.

However, according to the UCLA College website, this year's commencement activities for the college took place during the weekend of June 16-18. *See* Pages from the UCLA College website (www.college.ucla.edu/commencement) attached as Def. Ex. 3. Thus, contrary to counsel's representations, the college graduation did not take place at the same time as the filing of the Motion to Dismiss, but rather, occurred fully one

week *after* the Motion was filed and appeared on the Court's electronic Docket Sheet. Thus, even assuming *arguendo* that there may be circumstances in which a conflict with attending a college graduation would warrant an extension of time, no such conflict was present here.

      6. GRI's counsel further claims that he was unable to file a timely opposition because, while attending his daughter's graduation, he was staying at a "small hotel that had no computer services." Pl. Mot. At 1. He identifies the hotel as the Hilgard House. Pl. Memo. At 1. However, contrary to his characterization of a quaint ("European Style") hotel lacking modern accommodations, the Hilgard House lists "Internet Usage" among the facilities available to guests, saying that "all telephones are equipped with a data jack to enable laptop connections." *See* Pages from Hilgard House website (http://hilgardhouse.com) attached as Def. Ex. 4. While Hilgard House guests must use their own internet accounts, the hotel's literature alternatively points guests to "nearby facilities which can be used to access the internet for a fee." *Id.* Consequently, his choice of hotels while attending his daughter's graduation did not, in fact, preclude Plaintiff's counsel from obtaining access to the Court's electronic case system to discover Defendant's timely filed Motion to Dismiss.

      7. Plaintiff's counsel also asserts that a paralegal to whom he had given "the duty of monitoring his Federal Court cases (on the computer),…fell ill with a diabetic problem." Pl. Mot.at 1; Memo. at 1. Absent from its explanation, however, is any assertion that the paralegal's medical condition, in fact, prevented her from notifying Mr. Fox of the filing of Defendant's Motion to Dismiss. Since GRI neglects to support its allegation in this regard with the paralegal's affidavit or any other evidence, the Court

4

cannot assume the insinuated, but wholly undocumented, conclusion that the paralegal's claimed illness was the reason why Plaintiff's counsel took "several days [after returning to Washington] to note the filing" of the Motion to Dismiss. Pl. Mot. at 1.

But even if such an attenuated connection could be presumed, it would nevertheless not excuse the failure to file a timely response in this case. Specifically, as a self-described sole practitioner, GRI's counsel retains responsibility for ensuring that "in case of an emergency, their clients' needs will be met and their rights will be protected." *See Maupin v. U.S. Department of Energy,* (D.D.C. Nov. 18 2005)(Dismissing case with prejudice in the face of counsel's repeated failure to meet filing deadlines). Thus, when he became aware that the one person to whom he entrusted the duty to monitor the Court's electronic docket had become incapacitated, Plaintiff's counsel should have either directly assumed responsibility for checking the docket or delegated the duty to another lawyer or subordinate. That it took him "several days" upon his return from his daughter's graduation to discover the filing is simply inexcusable.

8. GRI twice notes that the Motion to Dismiss was not served by mail, as if to imply that this was either improper or contributed to its failure to respond. Pl. Mot at 1; Memo at 1. Both conclusions are baseless. Under the local rules of this Court, "[e]lectronic filing of any document operates to effect service of the document on counsel or pro se parties who have obtained CM/ECF passwords." LCvR. 5.4(d)(1). That rule further provides that the "requirement of a certificate or other proof of service is satisfied by the automatic notice of filing sent by the CM/ECF software to counsel or pro se parties who have obtained CM/ECF passwords." LCvR 5.4(d)(2). Having cited Local Rule 5.4(d)(1) in its previous filings as authority for electronic service of process

5

(*see e.g.,* Plaintiff's Answers to Counterclaims), GRI's apparent objection to such service here is disingenuous at best.

9. The tacit premise underlying all of the excuses proffered by Plaintiff in this Motion is that the Court's electronic case management system does not afford parties timely and accessible notification of filings. Consequently, if the Court were to grant this request, it will, in essence, be acquiescing to this patently wrong and damaging characterization of the judiciary's electronic case management system, based on, at best, dubious factual predicates. GRI has simply not demonstrated any grounds for finding cause to extend the established deadline for filing its opposition, and the Court should reject its request to do so.

10. Under LCvR 7(b), the Court has the discretion to treat a motion as conceded if it goes unopposed within the time prescribed for filing an opposition. This Court has invoked this rule in treating even dispositive motions as conceded where the opposing party did not demonstrate excusable neglect in untimely filing an opposition. *See e.g., Ramseur v. Barreto,* 216 F.R.D. 180, 182 (D.D.C. 2003)(granting plaintiff's petition for relief and attorney's fees as conceded after rejecting defendant's excuse for overlooking the deadline for responding to petition). As the court noted in *Ramseur*, "the District of Columbia Circuit 'has yet to find that a district court's enforcement of [LCvR 7(b)] constituted an abuse of discretion.' " *Id.* (quoting *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C.Cir. 1997)(citations omitted)). Consequently, if the Court denies the instant motion, Defendant respectfully requests that the Court thus treat the Motion to Dismiss as conceded under LCvR. 7(b).

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Plaintiff's Motion to Enlarge the Time for filing its opposition to the Motion to Dismiss be denied and that his Motion to Dismiss be treated as conceded.

Respectfully submitted,

/s/ Anne M. Wagner
Anne M. Wagner, D.C. Bar No. 435728
820 First Street, NE
Suite 580
Washington, D.C. 20002
(202) 512-3836 (phone)
(202) 512-7522 (fax)
*Lead Counsel for Defendant Allynn Howe*

/s/ Todd A. Bromberg
Todd A. Bromberg #472554
WILEY REIN & FIELDING LLP
1776 K Street NW
Washington, DC  20006
TEL:  202.719.7000
FAX:  202.719.7049
*Attorney for Defendant Allynn Howe*

Dated:  June 27, 2006