IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

GOVERNMENT RELATIONS, INC.    \*
                              \*
v.                            \*    Case No: 1:05cv01081
                              \*    Judge Kollar-Kotelly
                              \*
ALLYN HOWE                    \*
                              \*
    DEFENDANT.                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MOTION TO AMEND COMPLAINT NUNC PRO TUNC

COMES NOW, the Plaintiff, Government Relations, Inc., by and through undersigned counsel, David E. Fox, Esq., who hereby submits its Second Amended Complaint and Motion to Amend the Complaint Nunc Pro Tunc. In support of its position, the Plaintiff asserts the following:

1. The Plaintiff asserts that its amended complaint was completed and set further several bases for relief. Federal Rule of Civil Procedure 8 states that the Plaintiff need only file a "complaint upon which relief can be granted." The plaintiff does not need to try the case in the Complaint.

2. The Complaint need only to set out facts upon which, if proven at trial, the plaintiff can recover. The Amended Complaint in the subject matter satisfies these requirements.

3. However, not withstanding those facts, the Court allowed the Plaintiff to amend its Complaint such that the claims for relief are more clearly set forth. The Court set a deadline of May 26, 2006. First, Counsel changed his email address and did not get a copy of the Order. Second, counsel was out of town, on the West Coast, giving a seminar during this time frame, and then at his daughter's college graduation.

4. Therefore, the plaintiff provides the Second Amended Complaint attached hereto. The plaintiff requests that the Second Amended Complaint be filed herewith. The Defendant shall be required to file an Answer to said Amended Complaint upon issuance of order granting

amendment.  Counsel will supplement the Complaint with an affidavit by Thursday.  Counsel tried to get said affidavit by Monday but the plaintiff's offices were closed.  Since Monday was the day before a holiday, GRI's employees were given the day off.

5.  The Court interests are in letting matters be decided by trial and not summarily dismissed.  Federal Rule of Civil Procedure 8(a)(2).

WHEREFORE, the Plaintiff, requests that the attached Amended Complaint be accepted and file herein.

WHEREFORE, the Defendant shall be required to file an Answer to the Amended Complaint within twenty (20) days of the date of the Order Granting the Amendment.

Respectfully Submitted,

_____

David E. Fox, Esq.
#165258
1325 18th Street, NW #103
Washington, D.C.  20036
(202) 955-5300
(202) 872-0200

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on July 3, 2006, and served upon:

Todd A. Bromberg, Esq.
Wiley, Rein & Fielding, LLP
1776 K Street, NW
Washington, D.C.  20006

Anne M. Wagner, Esq.
820 First Street, NE
Suite 580
Washington, D.C.  20002

_____

David E. Fox

IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*******************************
GOVERNMENT RELATIONS, INC.    *
                              *
v.                            *   Case No: 1:05cv01081
                              *   Judge Kollar-Kotelly
ALLYN HOWE                    *
                              *
     DEFENDANT.               *
*******************************
```

<u>**SECOND AMENDED COMPLAINT**</u>

The Plaintiff, Government Relations, Inc., [hereinafter "GRI"], by and through its undersigned counsel, David E. Fox, Esq., sues the Defendant, Allynn Howe [hereinafter HOWE], in the amounts and for the grounds set forth herein below:

<u>**BACKGROUND**</u>

1. All events which gave rise to this cause of action took place in the District of Columbia.

2. The Defendant, Howe, was employed by the Plaintiff until December 21, 2004.

3. The Defendant, Howe, as an employee of GRI, had access to valuable trade secrets, client lists, insider information, contacts, confidential information about plaintiff's clients and other unique business information. This information included but was not limited to likes and dislikes of clients, family histories, previous lobbying

activities for client, successes and failures of client, personal information on the main contacts with each client.

4.   That at all relevant times, HOWE, was employed by GRI and was accepting a salary of $200,000. The Defendant was supposed to be acting in the best interests of his employer, GRI, and not competing with his employer, GRI.

5. That at the relevant times, HOWE, was in fact enticing old, new and potential clients of his employer, GRI, away from the firm to its detriment.  On at least three occasions, HOWE, went on business trips on behalf of his client, with another employee of GRI.  The purpose of the trips was to entice the client of GRI to continue to work for GRI and/or to satisfy GRI's clients with necessary information.  Instead, HOWE, bad mouthed GRI's staff and management to the client in front of the other GRI employee.  HOWE convinced at least three different clients to retain HOWE personally and not GRI to perform contracts.

6.   The business trips were paid for and the expenses reimbursed by GRI.  Thus, HOWE, used his client's money to finance his own business development while received a salary at the same time.

7.   HOWE slandered, betrayed and maligned his employer, while receiving his salary, to instead establish his own business which is in direct competition with that

of his employer, GRI.  HOWE, in fact, convinced clients to leave GRI and to join with him.  He used information contained in the files of GRI, which are not part of public disclosure, but instead part of years of experience in the industry and information garnered only by HOWE's employment with GRI.

### JURISDICTION

8.  Jurisdiction of this Court is based on diversity jurisdiction with an amount in controversy of more than $75,000.

### COUNT I (TORTIOUS INTERFERENCE WITH CONTRACT)

9.  Paragraphs 1 through 8 are incorporated herein as if fully pleaded.

10.  That at the times and place aforesaid, it was the duty of the Defendant, HOWE, to act as an employee of GRI and to further the business of his employer.

11.  In his position with GRI, HOWE, had knowledge and information about the details of contracts between clients of GRI and GRI.  In his position with GRI, HOWE, was charged with extending, procuring, and fulfilling the requirements of GRI's contracts with their clients.

12.  Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, recklessly and intentionally acted to take business away from his

employer, to procure a breach in the existing contracts and to bring that business to his own company which directly competes with that of his employer.

13. HOWE knew that the clients had contracts with his employer, GRI. He knew that his job was to expand the contracts and to expand the business opportunities for GRI. Despite this knowledge that the clients had contracts with GRI, HOWE, convinced the clients to not renew their contracts, discouraged the clients from using GRI's services, and suggested that the clients join HOWE personally in his new firm.

14. HOWE undertook these actions while he was receiving a salary from GRI, on their time, and on trips and/or lunches paid for by GRI. HOWE took clients from GRI while under the guise and auspices of developing business for GRI. He intentionally interfered with contracts in several cities in Texas and California.

15. That as a result of these actions, the Plaintiff, GRI, lost business and was harmed both financially and in its reputation. Each contract had a specific value besides the value of the reputation of GRI which was diminished by the actions and slander of HOWE.

16. The damages sustained by the Plaintiff, GRI, were caused by the willfully, intentional, reckless and/or

tortious actions of the Defendant, HOWE, without any error on the part of the Plaintiff, GRI.

17. During the period in question, the defendant, HOWE, tortiously interfered with contracts of GRI in that he:

(a) Violated the employer/employee relationship;

(b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

(c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

(d) Willfully, carelessly, intentionally and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

(e) Willfully, carelessly, and recklessly failed to work for his employer;

(f) Willfully, carelessly, and reckless betrayed his employer;

(g) Intentionally told untruths about his employer to enhance his own business and services;

(h) Willfully, intentionally, and recklessly disregarded contracts of clients with his employer while on

business trips and lunches paid for by his employer;

(i) Intentionally used improper methods to procure the clients by lying about GRI, misrepresenting information about GRI and by other fraudulent actions; and,

(j) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

18. As a direct and proximate result of the Defendant Howe's disloyal actions, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

## COUNT II (BREACH OF FIDUCIARY DUTY)

19. Paragraphs 1 through 8 are incorporated herein as if fully pleaded.

20. That at the times and place aforesaid, the Defendant, HOWE, acted as a fiduciary on behalf of his employer, GRI.

21. That HOWE was the public face of the Plaintiff's company, interacting with current, new and potential clients. That he was in a position of trust with GRI.

22.    That HOWE was paid to act in the best interests of his employer, GRI. HOWE was paid to keep clients happy, to service clients and to be the face of GRI in front of clients.

23.    Notwithstanding said duties, the Defendant, HOWE, did then and there intentionally, carelessly, willfully, and recklessly acted to take business away from his employer, breaching his fiduciary duty and to bring that business to his own company which directly competes with that of his employer.

24.    HOWE had access to information that was not public and which was developed by GRI through years of experience and work in the industry. This is information that HOWE would not have had access to or have gained without taking it from GRI. Information is key in the lobbying and business of GRI. The entity with better information and access can win the client. HOWE only had that information because it was entrusted to him as an employee of GRI. HOWE was entrusted with the information because he was supposed to be expanding the business and servicing the clients of GRI.

25.    That as a result of these actions, the Plaintiff, GRI, lost business and was harmed both financially and in its reputation.

26.  The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or negligent actions of the Defendant, HOWE, without any negligence on the part of the Plaintiff, GRI.

27.  During the period in question, the defendant, HOWE, breached his fiduciary duties in that he:

(a)  Violated the employer/employee relationship;

(b)  Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

(c)  Willfully, carelessly, and recklessly failed to carry out the business of his employer;

(d)  Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

(e)  Willfully, carelessly, and recklessly failed to work for his employer;

(f)  Willfully, carelessly, and reckless betrayed his employer; and,

(g)  Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

28.  As a direct and proximate result of the Defendant Howe's breach of his fiduciary duty and disloyal actions, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

### COUNT III (MISAPPROPRIATION AND CONVERSION)

29.  Paragraphs 1 through 8 are incorporated herein as if fully pleaded.

30.  That at the times and place aforesaid, the Defendant, HOWE, acted as a fiduciary on behalf of his employer, GRI, and had access to trade secrets, client lists and other confidential information.

31.  That HOWE was the public face of the Plaintiff's company, interacting with current, new and potential clients.  That he was in a position of trust with GRI.

32.  That HOWE was paid to act in the best interests of his employer, GRI.

33.  Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, and recklessly misappropriated client lists, confidential information, and

trade secrets and converted them to his own use and for that of establishing his own company.

34. As a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation.

35. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or tortious actions of the Defendant, HOWE.

36. During the period in question, the defendant, HOWE, misappropriated and converted client lists, trade secrets and confidential information and breached his fiduciary duties in that he:

>           (a) Violated the employer/employee relationship;

>           (b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business information, client lists, insider knowledge and information;

>           (c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

>           (d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

>           (e) Willfully, carelessly, and recklessly failed

to work for his employer;

       (f)  Willfully, carelessly, and reckless betrayed his employer; and,

       (g)  Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

    37.  As a direct and proximate result of the Defendant Howe's misappropriation and conversion, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

    WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of ONE MILLION DOLLARS ($1,000,000), plus interest and costs herein.

**COUNT IV (FRAUD)**

    38.  Paragraphs 1 through 8 are incorporated herein as if fully pleaded.

    39.  That at the times and place aforesaid, the Defendant, HOWE, was accessing trade secrets, client lists and other confidential information, he was accepting a salary to work on behalf of his employer and to expand the business of his employer.

    40.  That HOWE was the public face of the Plaintiff's

company, interacting with current, new and potential clients. That he was paid a salary of $200,000 per year to work for his employer.

41. That HOWE was paid to act in the best interests of his employer, GRI.

42. Notwithstanding said duties, the Defendant, HOWE, did then and there carelessly, willfully, and recklessly misappropriated client lists, confidential information, and trade secrets and converted them to his own use and for that of establishing his own company.

43. As a result of these actions, the Plaintiff, GRI, lost business and harmed both financially and in its reputation. Moreover, the Plaintiff was still paying the Defendant's salary.

44. The damages sustained by the Plaintiff, GRI, were caused by the willfully, reckless and/or tortious actions of the Defendant, HOWE.

45. During the period in question, the defendant, HOWE, misappropriated and converted client lists, trade secrets and confidential information and breached his fiduciary duties in that he:

       (a) Violated the employer/employee relationship;

       (b) Willfully, carelessly, and recklessly accessed valuable trade secrets, confidential business

information, client lists, insider knowledge and information;

(c) Willfully, carelessly, and recklessly failed to carry out the business of his employer;

(d) Willfully, carelessly, and recklessly convinced current clients, new clients and potential clients to leave the plaintiff's firm to join the Defendant's company;

(e) Willfully, carelessly, and recklessly failed to work for his employer;

(f) Willfully, carelessly, and reckless betrayed his employer; and,

(g) Other violations of applicable law which may become known to the Plaintiff prior to or at the time of trial.

46. As a direct and proximate result of the Defendant Howe's misappropriation and conversion, GRI, sustained serious damages, loss of clients, loss of reputation, and has suffered loss of confidential information, and has incurred and may incur in the future additional damages and loss of clients.

WHEREFORE, Plaintiff, GRI, demands judgment against the Defendants, HOWE, in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000), plus interest and costs herein.

Respectfully Submitted,

_____
David E. Fox
1325 18th Street, N.W.
Suite 103
Washington, D.C. 20036
(202)955-5300