IN THE UNTED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
*****************************
GOVERNMENT RELATIONS, INC.    *
                              *
v.                            *   Case No: 1:05cv01081
                              *   Judge Kollar-Kotelly
ALLYN HOWE                    *
                              *
     DEFENDANT.               *
*****************************
```

**<u>PRAECIPE</u>**

COMES NOW, the Plaintiff, Government Relations, Inc., by and through undersigned counsel, David E. Fox, Esq., who hereby submits a declaration of facts to be attached to the Second Amended Complaint pursuant to the Motion previously filed before this Court.

Respectfully Submitted,

_____
David E. Fox, Esq.
#165258
1325 18th Street, NW #103
Washington, D.C.  20036
(202) 955-5300
(202) 872-0200

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the foregoing was filed electronically on July 5, 2006, and served upon:

Todd A. Bromberg, Esq.
Wiley, Rein & Fielding, LLP
1776 K Street, NW
Washington, D.C.  20006

Anne M. Wagner, Esq.

```
820 First Street, NE
Suite 580
Washington, D.C.  20002


                              _____
                              David E. Fox
```

```
            IN THE UNTED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA


*****************************
GOVERNMENT RELATIONS, INC.    *
                              *
v.                            *   Case No: 1:05cv01081
                              *   Judge Kollar-Kotelly
ALLYN HOWE                    *
                              *
      DEFENDANT.              *
```

## DECLARATION

1. My name is Jason Pavluchuk and I have been employed by Government Relations, Inc. [hereinafter "GRI"] for five ½ years.

2. In 2003, during the course of my employment with GRI, I obersved actions taken by Allyn Howe [hereinafter "HOWE"] (another GRI employee) that caused me concern.

3. GRI is a firm which represents various clients, particularly entities of local government and performs contract services--such as legislative representation and specialized representation before government agencies (the agencies vary but could include all the cabinet and regulatory agencies – transportation, education, housing, water and sewer, etc.)

4. As a regular part of our duties, both Mr. Howe and I were required to travel to both visit clients and to engage new clients on behalf of GRI.

5. On one (1) particular trip, I was traveling with fellow employee, Allyn Howe, on GRI business and things that I suspected became quite clear. I observed Mr. Howe do the following:

 a. Mr. Howe tried to influence to move business from GRI to a firm that he was establishing. GRI had formal ongoing business contracts with some of these clients and with others performed work on an "as needed" basis.

 b. Mr. Howe tried to approach GRI "client leads" to engage services for a business he was establishing.

 c. It was clear that Mr. Howe was establishing a business that would be directly competitive with GRI's business.

 d. Clients that Mr. Howe tried to take away from GRI included: Gateway Cities Council of Governments (So.CA) and City of Laredo (Texas).

 e. Potential GRI clients ("client leads") who Mr. Howe tried to recruit for his own business endeavors were: City of Cerritos, Cerritos College Foundation, Orange Line Development Authority (So.CA) and others.

    f. All of the above were matters that occurred while Mr. Howe was a GRI employee.

I affirm that these matters are true.

                          ORIGINAL SIGNED
                          _____
                          Jason Pavluchuk