**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Government Relations, Inc., | ) |
| | ) |
| Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | )    Civil Action No. 1:05-cv-1081 (CKK) |
| | ) |
| Allynn Howe, | ) |
| | ) |
| Defendant/Counter-Plaintiff. | ) |
| | ) |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO**
**PLAINTIFF'S MOTION TO AMEND COMPLAINT NUNC PRO TUNC**

Pursuant to LCvR 7(b), Defendant Allynn Howe hereby opposes Plaintiff's Motion to Amend Complaint Nunc Pro Tunc. Pursuant to the Court's Order of May 9, 2006 (Order), Plaintiff, Government Relations Inc.(GRI), had until May 23, 2006[1] to file a second amended complaint. The Court explicitly stated that there would "be no extensions to this deadline." Order (May 9, 2006). GRI did not file a second amended complaint by May 23, 2006. Now, nearly six weeks later, Plaintiff incredibly claims that its counsel did not receive the Order because he changed his email address and that it did not file a second amended complaint because its counsel was "out of town."

Under Fed.R.Civ.P. 6(b)(2), a court may grant an extension of time to file after the expiration of a specified period only upon a showing of "excusable neglect." The unsupported and specious explanation offered here does not excuse GRI's neglect in failing to file a second amended complaint by May 23, 2006. Based on the following points and authorities, Defendant Howe opposes GRI's Motion to Amend and

---

[1] In its Motion to Amend, GRI incorrectly identifies the deadline as May 26, 2006. *See* Motion to Amend Complaint Nunc Pro Tunc, ¶3.

respectfully urges the Court to reject this untimely request.

1.  On May 9, 2006, the Court issued an Order granting GRI's request to amend its original complaint and giving it an additional opportunity to file a second amended complaint by May 23, 2006.  In doing so, the Court stated that it would not thereafter permit additional amendments and would not grant extensions to that deadline.  *See* Order (May 9, 2006).  In addition, the Order stated that if Defendant chose to file a motion to dismiss, "the Parties shall abide by the following briefing schedule: Defendant's motion to dismiss is due by June 9, 2006; Plaintiff's opposition is due by June 23, 2006; Defendant's reply is due by July 7, 2006."

2.  GRI's counsel, David E. Fox, states that he did not receive notice of the May 9th Order because he changed his email address.  *See* Plaintiff's Motion to Amend Nunc Pro Tun (Pls. Mot.) ¶3.  However, under the local rules, an attorney must notify the Court within ten days of any change in address or phone number.  *See* L.Cv.R. 5.1(e)(1).[2] Unless such notice is filed with the Court, the contact information noted on the first filing "shall be conclusively taken as the last known address and telephone number of the party or attorney."  *Id.*

In this case, the email address provided by David E. Fox in GRI's first filing was dfox15997@aol.com.   *See* Notice of Electronic Filing of Consent Motion for Extension of Time to File Opposition To Defendant's Motion to Dismiss (June 20, 2005)(Defendant's Exhibit (Def. Ex.) 1).  Nowhere in the docket is there any indication that Mr. Fox notified the Court of a change in this email address.  Thus, under

---

[2] Although L.Cv.R. 5.1 speaks in terms of addresses and telephone numbers, it is clear that this same obligation extends, even more so, to email addresses when a case has been placed in the ECF/CM system.

LCvR 5.1(e),  "dfox15997@aol.com" must be "conclusively taken" as counsel's last known address.

The email address used by the Court to transmit the Order (May 9, 2006) is dfox15997@aol.com, the same one that is listed in Plaintiff's initial filing.   *See* Notice of Electronic Filing of Order (May 9, 2006)(Def.Ex. 2).  Plaintiff's claim that its counsel changed email addresses is, therefore, of no consequence and certainly does not constitute grounds for finding excusable neglect.  Moreover, this email address continues to be listed in GRI's most recent filings, including the instant motion. *See* Notice of Electronic Filing of Motion for Extension of Time to Amend (July 5, 2006)(Def. Ex. 3) and Notice of Electronic Filing of Praecipe (July 5, 2006) (Def. Ex. 4).

On June 23, 2006, GRI sought to enlarge the time for filing its opposition to Defendant's timely Motion to Dismiss, the deadline for which was also set forth in the Order (May 9, 2006).  Tellingly, GRI did not contend at that point that it had not received the Order.   Were this allegation true, one would have expected its earlier assertion as the reason for additional time within which to oppose the motion to dismiss. Plaintiff's silence then belies its protestation here.

3.  GRI further contends that it did not meet the May 23, 2006 deadline for amending its complaint because its counsel was "out of town, on the West Coast" conducting a seminar and attending his daughter's graduation.[3]  Plaintiff offers no support for these allegations.  Nor does it explain how these activities precluded a

---

[3] In many regards, this excuse reiterates the one proffered by GRI in seeking an extension of time to oppose the Motion to Dismiss.  Defendant therefore hereby incorporates by reference the points and authorities set forth in its Memorandum in Opposition to Plaintiff's Motion to Enlarge Time filed on June 27, 2006.

timely amendment.   It is patently clear that Plaintiff's neglect in filing a second amended complaint until after nearly six weeks past the due date is simply inexcusable.

4.    Defendant further submits that the Court should not exercise its discretion to grant GRI's proposed amendment under these circumstances.  In *Foman v. Davis*, 371 U.S. 178, 180 (1962), the Supreme Court identified the following non-exhaustive list of factors guiding the district court's discretion regarding amendment of pleadings: (1) undue delay, bad faith or dilatory motive on the part of the movant; (2) repeated failure to cure deficiencies by amendments previously allowed; (3) undue prejudice to the opposing party by virtue of allowance of the amendment; and (4) futility of amendment.  Both the D.C. Circuit and this Court have repeatedly viewed these factors as determinative in reviewing the district court's disposition of motions to amend.  *See e.g., Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.,* 810 F.2d 243, 247 (D.C.Cir. 1987); *Mittleman v. U.S.*, 997 F.Supp. 1, 10 (D.D.C. 1998); *National Wrestling Coaches v. U.S. Department of Education,* 263 F.Supp.2d 82, 103 (D.D.C. 2003).

The Court should reject the instant request to amend the complaint because it reflects undue delay, bad faith and dilatory motive on the part of GRI.  On October 24, 2005, Mr. Howe opposed GRI's effort to "supplement" its complaint arguing, *inter alia,* that the amendment would be futile because of continuing deficiencies in the pleading.  Thus, Plaintiff was on notice at least nine months ago that its amended complaint was deficient.  Its failure to make any effort to correct these flaws until now constitutes undue delay.

Moreover, even assuming *arguendo* that GRI had no duty to correct these deficiencies in the face of Defendant's opposition, its refusal to do within the prescribed timeframe after the Court itself warned that the amended complaint may be insufficient *and* provided another GRI another opportunity to amend can only be described as manifestly undue delay on the part of GRI.  *See* Order (May 9, 2006).   In addition, absent any legitimate excuse for not filing a timely amendment, GRI's request plainly suggests bad faith.  If allowed to amend its complaint now, GRI will have succeeded not only in flouting a deadline set by the Court, but also in causing Defendant undue prejudice in compelling the expenditure of resources preparing a dispositive motion rendered futile by Plaintiff's dilatory action.

WHEREFORE, for the foregoing reasons, the Defendant respectfully requests that the Plaintiff's Motion to Amend Complaint Nunc Pro Tunc be denied.

Respectfully submitted,

/s/ Anne M. Wagner
Anne M. Wagner, D.C. Bar No. 435728
820 First Street NE, Suite 580
Washington, D.C. 20002
 (202) 512-3836 (phone)
 (202) 512-7522 (fax)
 wagnea@aol.com
 *Lead Counsel for Defendant Allynn Howe*

 /s/ Todd A. Bromberg
 Todd A. Bromberg, D.C. Bar No. 472554
 Wiley Rein & Fielding LLP
 1776 K Street NW
 Washington, DC  20006
 TEL:  202.719.7000
 FAX:  202.719.7049
 *Attorney for Defendant Allynn Howe*

Dated:  July 11, 2006